**WHITE POINT OIL & GAS CO. v. DUNN et al. (CAGE, Intervener). (No. 8152.)**

Court of Civil Appeals of Texas. San Antonio.
April 3, 1929.

Rehearing Denied June 12, 1929.

J. C. Russell and J. G. Cook, both of Sinton, Tarlton & Lowe, of Corpus Christi, and J. R. Dougherty, of Beeville, for appellant.

H. S. Bonham and W. G. Gayle, both of Beeville, W. B. Moss, of Sinton, and W. C. Linden, of San Antonio, for appellees.

COBBS, J. Appellees sued Houston Gulf Gas Company, White Point Oil & Gas Company, W. L. Pearson, O. R. Seagraves, the Chatham Phœnix National Bank & Trust Company, and J. F. McNamara, trustee, and the Nueces Company, appellants, for 141.22 acres of land, more or less, and alleged title by three, five, and ten years' limitation, and also to remove cloud from title, alleging other defendants were claiming some right, title, and interest under the gas and mineral lease executed by the White Point Oil & Gas Company and its assigns, and that W. L. Pearson and the Nueces Company were innocent purchasers of said lease and were entitled to be treated as innocent purchasers, and prayed for an affirmance of said contract between W. L. Pearson and the White Point Oil & Gas Company, and that they recover all the rents and royalties paid and to be paid under and by virtue of said leases. An agreement had been made that such should be paid in the First National Bank of Beeville, as trustee, and that the moneys so derived be paid to the successful litigant in the case, and the plaintiff further asked for a recovery of all such moneys. They further asked for recovery of the title and possession of said land and for removal of all clouds to the title and for right of possession and for costs.

For a better understanding of the case, we copy as follows from appellant's brief:

"As an additional cause of action, the plaintiffs sued (1) for the cancellation of a certain deed executed by Katie L. Dunn and her husband, conveying the entire 200 acres of land to John F. Dunn, which said deed was of date February 29, 1912, and duly recorded in the Deed Records of San Patricio County; (2) for the cancellation of a certain deed from John F. Dunn to Frank S. Rachal of date October 31, 1912, and duly recorded in the Deed Records of San Patricio County; (3) for the cancellation of a certain deed from Frank S. Rachal and Annie Rachal to L. R. Clarkson, Trustee, dated November 21, 1913, duly recorded in the Deed Records of San Patricio County; and (4) for the cancellation of a certain deed from L. R. Clarkson, Trustee, to the defendant White Point Oil and Gas Company, dated the 31st day of January, 1914, and duly recorded in the Deed Records of San Patricio County.

"Plaintiff, appellee herein, further alleged that the deed executed by them to John F. Dunn was in fact a mortgage and as such was void, and further alleged that the deed from John F. Dunn to Frank S. Rachal was void, and that the other instruments under which plaintiffs alleged the White Point Oil and Gas Company claimed to own the mineral rights under said premises, were void and that the White Point Oil and Gas Company acquired said title to said property with notice of the plaintiffs' claim of title to the land. Plaintiffs prayed that said conveyances described be declared null and void and that they be cancelled and set aside and that all clouds existing upon plaintiffs' property by reason of the said instruments, be removed and they further prayed that the title conveyed by them to J. B. Cage be judged valid and that in the decree due regard be had for the bona fides of the Nueces Company, and for special and general relief.

"The defendant White Point Oil and Gas Company in its Third Amended Original Answer filed a general demurrer to plaintiffs' petition and a general denial, and a disclaimer to all the right, title and interest in said property, save and except the ownership of the full mineral rights and except as specially disclaimed, the defendant pleaded not guilty.

"The defendant further plead the four and ten years' statute of limitation against the alleged cause of action of the plaintiffs to cancel and set aside the deeds and instruments referred to in plaintiffs' petition and by way of cross action, sought a recovery against the defendants Lois Scott and J. R. Scott, and Cecile Hopper and Carl F. Hopper,

as the sole heirs at law of its warrantor Frank S. Rachal, deceased.

"The Intervener plaintiff, J. B. Cage, filed his First Amended plea of Intervention and in effect made the same allegations as contained in plaintiffs' petition, but sought a recovery of the separate and distinct tract of 58.78 acres of land, and to this plea, the defendant White Point Oil and Gas Company filed its Amended Original Answer reserving its exceptions to the action of the Court in overruling its Motion to Strike out the Plea in Intervention and its Plea in Abatement theretofore filed herein on the 7th day of December, 1927, and presented its general demurrers and special demurrers to said Plea in Intervention, and by way of answer to said cause of action, on behalf of J. B. Cage, plead in effect the same matter of defense theretofore raised in the case of Katie L. Dunn et vir against it.

"The defendants Lois Scott, joined by her husband J. R. Scott, and Cecile Hopper, joined by her husband Carl F. Hopper, appeared and filed their answer, and participated in the trial of the case. The other defendants therein, having theretofore filed their answers, the case was tried before a jury and upon the answers to the special issues submitted by the Court to the jury, the Court rendered judgment in favor of the plaintiffs and against the defendant White Point Oil and Gas Company and upon Motion of the plaintiffs while the term of Court was still in extended session, the Court modified said order.

"Whereupon the defendant, upon said 7th day of July, 1927, after having filed its Amended Motion for a New Trial, on leave of the Court theretofore granted, presented said Motion which was by Court overruled and to which action of the Court in overruling said Motion, the defendant White Point Oil and Gas Company thereupon in open Court excepted, and gave notice of appeal to this Honorable Court, and in due time perfected its appeal and at that time, the Court overruled a motion of the defendants Lois Scott 'and J. R. Scott, Cecile Hopper and Carl F. Hopper. No motion for a new trial was presented on behalf of either of the other defendants.

"By the terms of said judgment, the Court ordered a dismissal of Cause No. 3275, wherein J. B. Cage was plaintiff and all the other parties defendant herein other than Katie L. Dunn and D. N. Dunn were defendants and awarded judgment in favor of the plaintiff declaring null and void the instrument of date February 29, 1912, executed by Katie L. Dunn and D. N. Dunn to John F. Dunn, and determined by said judgment that the said Frank S. Rachal, L. R. Clarkson, Trustee, and the White Point Oil and Gas Company had knowledge of the fact that said instrument was a mortgage at the time they accepted the deeds under which they claimed; and that if they did not have actual knowledge of said facts, that they had notice and knowledge of such facts as would have put a reasonably prudent person upon notice and by said decree further found that the defendant White Point Oil and Gas Company never acquired title to the land or minerals thereunder, and further found that the plaintiff Katie L. Dunn should further have and recover as her separate property, the tract of 141.22 acres of land described in said pleadings, subject alone to the rights of O. R. Seagraves, the Houston Gulf Gas Company, Chatham Phœnix National Bank and Trust Company, J. F. McNamara, Trustee, W. L. Pearson and Company and the Nueces Company, whose title to the gas rights to said property was affirmed by reason of the fact that they were innocent purchasers. And further found in favor of J. B. Cage for the recovery of said title to the 58.78 acres of land described in the petition, subject alone to the finding in favor of the other defendants on the grounds of their rights as innocent purchasers of the gas, and the plaintiff Katie L. Dunn and the Intervener J. B. Cage were further awarded royalties impounded in the First National Bank in Beeville, Texas.

"By the terms of said judgment, judgment was rendered in favor of the White Point Oil and Gas Company for the recovery of 50 shares of stock of said Company in the name of Katie L. Dunn, and judgment was further rendered against the White Point Oil and Gas Company and in favor of Mrs. Lois Scott and Mrs. Cecile Hopper that the defendant White Point Oil and Gas Company recover nothing as against them, and against Lois Scott and Cecile Hopper that they take nothing against the plaintiff Katie L. Dunn and D. N. Dunn."

The first question of law presented is as to the ruling of the court in permitting J. B. Cage to intervene. J. B. Cage pleads the same cause of action with regard to said 200-acre tract of land owned and held under Katie L. Dunn and D. N. Dunn and in privity with them as they pleaded in regard to all the rest of said 200 acres still owned by them.

In Cage's petition he makes Katie L. Dunn and D. N. Dunn parties, setting up warranties made to him, so that, in case he is unsuccessful in removing the cloud from his title, he seeks to hold Katie L. Dunn and D. N. Dunn liable to him upon their warranty in the respective conveyances. In said cause No. 3275 the parties are all the same, except J. B. Cage was plaintiff in cause No. 3275, and became an intervener in No. 3247. Before the conclusion of cause No. 3247, the court required cause No. 3275 to be dismissed, which was done and all costs paid.

Upon all the facts shown in the record there was no error committed by allowing J. B. Cage to intervene.

■ The joinder of causes of action is one

within the sound discretion of the court, and such fact is no ground for a reversal, unless it be shown that harm resulted to the party.

■ Cage held directly under the warranty of Katie L. Dunn and her husband and sought to remove the cloud from title to their portion of the tract by canceling an alleged void mortgage. There was no need to try both cases because the cloud was cast upon both tracts by the same instrument. Katie Dunn had sold a portion of the 200 acres to Cage under a warranty title; so in order to protect herself on her warranty she sued to remove the cloud from the entire 200-acre tract. Cage was vitally interested in this matter, and if it were necessary in order to remove such cloud, to cancel any instruments which affected the title to his land, he was not only a proper, but a necessary, party. So we think the intervention was properly permitted and overrule the assignment. Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311; O'Brien v. First State Bank & Trust Co. of Taylor (Tex. Civ. App.) 239 S. W. 715; Love v. Keowne, 58 Tex. 191.

Again, appellants' propositions 5, 5a, and 5b, collectively and singly present but one contention, that is to say that the knowledge and notice of the officers of the corporation, L. R. Clarkson and D. C. Rachal, cannot be charged to the corporation because of an adverse interest on the part of these officers against the corporation. Appellant's whole contention with regard to the matter of notice, and likewise with regard to the charge given to the jury on the matter of notice, is based upon an alleged adverse interest in the officers who handled the transaction.

The record shows there was no interest on the part of the officers adverse to the corporation; therefore appellant's contention is based upon an erroneous assumption of fact. Even if there had been an adverse interest, L. R. Clarkson, the corporation's officer who managed the transaction for the corporation, was the sole representative, and his knowledge was the corporation's knowledge, regardless of any adverse interest. If there was any adverse interest on the part of Clarkson and Rachal, it was so slight and so remote as that it would not be presumed that such slight adverse interest would relieve the corporation from the effect of the knowledge of the facts known to such officers.

There was no issue raised as to adverse interest of either L. R. Clarkson or D. C. Rachal, and a search of the record fails to disclose any adverse interest in them at all. There is much testimony pro and con, but it fails to show any adverse interest in them.

There was no subscription for stock and no stock issued to P. A. Hunter or his wife, Mrs. Florence Hunter. The record shows that they had 200 acres of land at White Point out of the D. C. Rachal lands. They all joined for the purpose of effecting the sale of their lands to Joseph S. House of New York.

The Dunn tract of land was no more necessary than the Hunter land. While it is true D. C. Rachal wanted his land in the mineral pool, likewise Clarkson wanted it in the mineral pool, as did all the stockholders, to make their interest more valuable. So D. C. Rachal's interest was the same as the others and not adverse to the White Point Oil & Gas Company.

When a corporation seeks to defeat the title on the ground that the officer is adversely interested, the burden is upon the corporation to establish the adverse interest. Appellant offered no proof whatever to establish the contention.

The lease from the White Point Development Company, of 437 acres, was given to Lloyd Clarkson, as trustee, for the benefit of the company. He was to get for organizing the company some stock to compensate him for his expense and work. He held the lease as trustee without consideration, and in conveying it got no consideration. He received 125 shares from the company and his holding was the same as the company, and it was to his interest to see that the title acquired by the company to all the minerals was a good title. So it was to the personal interest of Clarkson, as it was of all the others, to see that the company got a good title to the minerals in the pool.

Now, it is submitted that, if the evidence raised any such issue, it was one of fact and should have been submitted to the jury and, not having been done, must be treated here as waived.

There is no evidence of the alleged adverse interest of L. R. Clarkson, E. A. Rachal, and D. C. Rachal, so we feel like that issue, by the findings of the jury and the finding of the trial court is concluded.

In taking the mineral deed from F. S. Rachal as trustee, the only interest L. R. Clarkson had was to secure a good title to the minerals and transferring same to the corporation when formed, for which he held it in trust. So also the only possible interest D. C. Rachal had was the same as Clarkson, common with that of the corporation. There is no reason for any contention that either Clarkson or D. C. Rachal had any interest in the transaction of acquiring the minerals to the Dunn tract of land by the corporation, adverse to the corporation. Shear Co. v. Wilson (Tex. Com. App.) 294 S. W. 843.

It must be remembered that the only investigation made of the title was by Clarkson with the attorney, Henry Holden, who represented to Clarkson after an investigation at Sinton that the title was good.

■ It is contended that the court erred in refusing defendants' special requested instruction No. 1, as follows: "In answering

Questions 4 and 5, you are further instructed, that a corporation will not be presumed to have knowledge or notice of any fact known to any of its officers engaged in transacting any business of the corporation, if the business so transacted comprehends a sale or conveyance to the corporation for a valuable consideration." The error in this charge is that it eliminates the idea that a corporation will not be presumed to have knowledge or notice of facts known to its officers, when those officers are adversely interested to the corporation, so as to cause them to conceal such facts, but simply charges the corporation with never having notice when a sale is made for a valuable consideration. Under this charge a corporation would never be presumed to have knowledge or notice of any facts known to its officers when any person makes a sale to the corporation for a valuable consideration.

We think the action of the court was entirely proper in refusing this charge.

In regard to appellant's propositions 8, 8a, 9, and 10, special issues submitted to the jury must be as to ultimate facts. So when an issue is submitted calling for conclusion such as to whether or not some certain instrument was intended as a deed or mortgage, then it becomes proper to instruct the jury by defining the term "deed" and the term "mortgage," or what the essential facts are that determine the one from the other. The action of the court is sustained.

Upon the question as to whether or not the officers and promoters of the corporation were acting adversely to the interest of the corporation formed or to be formed, if the evidence raised the proposition that the promoters and officers of the company were acting together, it was appellant's duty to submit the issue to the jury, unless appellant was willing to abide the action of the court thereon; and as appellant did not request the issue to be submitted, the judgment of the court is conclusive thereon. The record shows the officers were doing everything they could for the corporation.

In reply to appellant's thirteenth proposition, the evidence shows that appellant is attempting to claim the benefit of an alleged investigation by one of its officers, who it also contends was acting adversely to the interest of the corporation. Appellant evidently was not acting in good faith, and was not a good-faith purchaser of the property, for it could not in good faith claim that the officer making such investigation was its agent in the transaction, and at the same time claim that notice to and knowledge of the agent at the time of the investigation and acceptance of the deed to the property did not constitute notice to appellant.

In answer to appellant's fourteenth proposition, the finding of the jury that plaintiff Kate L. Dunn and her husband never abandoned the 200 acres of land in this suit as their homestead, being overwhelmingly supported by the evidence in the case, the verdict of the jury is binding upon both the trial and appellate courts. The testimony of Judge P. A. Hunter and Kate L. Dunn and D. N. Dunn place it almost beyond controversy.

In connection with the fifteenth proposition referring to the order of the court in dismissing cause No. 3275, if error, it was entirely harmless. The record shows that, after J. B. Cage was permitted to intervene and before the trial of this case was concluded, the court ordered cause No. 3275 to be dismissed, costs having been paid by plaintiff. The court included in his judgment an order requiring the dismissal of cause No. 3275, and also included the order of dismissal that was entered in cause No. 3275. Appellant had objected to cause No. 3275 being allowed to remain on the docket if J. B. Cage was allowed to intervene in this suit, and appellant cannot now complain because the case has been dismissed, as shown by the record herein.

In connection with appellant's sixteenth proposition, we note that the error urged in appellant's brief against the charge of the court with regard to the answers of the jury made to questions Nos. 4 and 5 is based upon a claim that an interest existed in D. C. Rachal and L. R. Clarkson adverse to the interests of the White Point Oil & Gas Company, to such an extent that they could not be considered as acting for the White Point Oil & Gas Company. There is no evidence in the record of any such adverse interest on the part of either D. C. Rachal or L. R. Clarkson as against appellant the White Point Oil & Gas Company, and there is no merit in the proposition.

In reply to appellant's seventeenth proposition, J. B. Cage having been properly allowed to intervene in this case, there was no error in adjudging all of the rights and interests involved in the suit as between him and all other parties; in fact, that is exactly what the court should have done.

In reply to the eighteenth proposition, the mortgagee, John F. Dunn, being out of possession, had no power to convey the 200 acres of land to F. S. Rachal, and the deed to F. S. Rachal was, therefore, a nullity; and being fully informed that John F. Dunn was only claiming a mortgage upon said land, he was not an innocent purchaser and acquired no title. John F. Dunn testified without contradiction that he explained his possession fully to F. S. Rachal, that F. S. Rachal was Mrs. D. N. Dunn's brother, and that he stated it was his desire to take over the property, and that, if John F. Dunn would make up a statement as to the amount due him by D. N. Dunn, he, F. S. Rachal, would pay off such indebtedness. D. N. Dunn and wife remained in possession of the property.

■ In reply to the nineteenth proposition, the judgment of the court awarded to plaintiff and intervener certain interests in the mineral rights of the land involved in this suit; and such portion of the judgment does not affect appellant in any way whatever; and the error, if any, is harmless to appellant; it cannot complain thereat; and the judgment must stand.

■ In regard to the twentieth proposition, appellant White Point Oil & Gas Company and other defendants having filed disclaimers as to certain portions of the land involved, and the court upon the evidence and findings of the jury being of the opinion that appellees should be permitted to remove all cloud from their title to the remaining portion of said land, it was proper that judgment should be rendered in favor of appellees for the title to and possession of said land with all cloud removed therefrom.

■ In regard to the twenty-first proposition, it having been agreed that the proceeds from the minerals of the tract of land involved, some of which was and is being developed, should be deposited with a trustee, and a certain amount of such proceeds being in the hands of said trustee at the time judgment herein was rendered, it was proper for the court to enter judgment against appellant, divesting it of ownership in such funds. If that portion of the judgment is error, it is harmless to appellant and subject to an adjustment herein, if necessary. The agreement of counsel on the subject is set forth on pages 66 and 67 of the transcript. However, we think the amount of the royalties are fairly adjusted by the judgment of the trial court. This judgment was necessary to stop future litigation.

■ In reply to the 22 and 23 propositions, we say, this being a suit for the removal of a cloud from the title cast thereon by certain void instruments, and the cancellation of such instruments being the means of removing such cloud, and the recovery of the property involved being an incident and result of the removal of such cloud on said lands, neither the four-year (Rev. St. 1925, art. 5529) nor the ten-year (Rev. St. 1925, art. 5510) statute of limitation are shown to be applicable.

Having disposed of the material questions raised and urged in the excellent and instructive brief of appellant, we do not think it would add anything to the subject to take up each proposition and discuss it separately. We have very carefully gone over and considered each proposition, whether we have called it by name or not. We think the case has been fairly tried, in accordance with Rule 62a, and, finding no merit in any of the propositions presented that should call for a reversal, the judgment is affirmed.