### PATEK v. DUNCAN et al.

### No. 11606.

Court of Civil Appeals of Texas. Galveston.

Feb. 10, 1944.

Rehearing Denied March 1, 1944.

Second Rehearing Denied March 16, 1944.

W. H. Kennon, of San Antonio, for appellant.

M. L. Cobb and S. G. Sample, both of Edna, for appellees.

CODY, Justice.

This was a suit by appellees, plaintiffs below, to restrain the foreclosure of two certain deed of trust liens on two adjoining tracts of land in Jackson County, of approximately 200 acres each, in which appellees alleged that they owned, respectively, undivided mineral estates. The suit was also brought by appellees to remove cloud from title to their said respective mineral estates in said land. At the conclusion of the evidence the court withdrew the case from the jury and rendered judgment for appellees. The facts in the case are undisputed, and are in substance:

That James Patek is the common source of title under whom appellees and appellant both claim.

That on September 7, 1929, the said James Patek executed and delivered to the lessee named therein, an oil, gas and mineral lease covering said land; and said lessee shortly thereafter transferred said lease to the Gulf Production Company. The primary term specified in the lease was for ten years. The lease and the transfer thereof were promptly recorded.

That thereafter the said James Patek conveyed the land to his son, William Patek, who, on March 17, 1932, for the

cash consideration of $800, by a general warranty mineral deed, conveyed to appellees, E. T. Rose and S. G. Sample, an undivided half of the minerals in the land. It was expressly provided in the deed that said conveyance was made subject to the aforesaid Gulf Production Company lease. The form of the deed used, and the provision used therein subjecting the conveyance of the mineral interest, is generally known as Commercial Form "80" mineral deed. In so far as material to this case, said deed will be copied hereinafter. Said deed was promptly recorded.

That on March 10, 1932, the said William Patek conveyed to appellees, H. Duncan and B. Duncan Davis, an undivided one-eighth of the minerals in said land. Said deed was in all material respects similar to the aforesaid deed to Rose and Sample. It was also duly recorded.

That thereafter the said William Patek subjected said land to a deed of trust lien. This lien was thereafter regularly foreclosed, and the land was brought in by Mary Vackar at foreclosure sale. It was Mary Vackar who created the deed of trust liens on the land which appellees brought this suit to prevent the foreclosure of. And appellant has succeeded to the interest of Mary Vackar in the land pendente lite.

The aforesaid Gulf Production Company lease was maintained in full force and effect for the entire ten years of its primary term by the payment of the specified money rentals, payment thereof being made to appellees, Rose and Sample, to the amount of one-half thereof, and to appellees, Duncan and Davis, to the amount of one-eighth thereof, and to the amount of three-eighths thereof to Mary Vackar. The primary term expired on September 7, 1939.

It seems that Mary Vackar, because of the nature of the expressions used in the deed, reached the conclusion that when the mineral lease terminated, at the expiration of its primary term, and, indeed, because it so terminated, the conveyance to the grantees in the mineral deeds became revoked. The language or expression in question, as taken from the deed to appellees, Rose and Sample, is as follows:

"Said land being now under an oil and gas lease held by Gulf Production Company, it is understood and agreed that this sale is made subject to the terms of said lease, but covers and includes one half (1/2) of all the oil royalty, and gas rental or royalty due to be paid under the terms of the lease.

"It is understood and agreed that one-half (1/2) of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to said Grantees *and in the event that the above described lease for any reason becomes cancelled or forfeited,* then and in that event an undivided one-half of the lease interest and all future rentals on said land for oil, gas and other mineral privileges shall be owned by said. Grantees, they owning one-half (1/2) of all oil, gas and other mineral in and under said land, together with one half (1/2) interest in all future rents." (Italics ours.)

Appellant has adopted the same view as her grantor, Mary Vackar, and presents said view as the point on which the judgment of the trial court should be reversed and here rendered for her. We present her said point in the language of her brief as follows:

"The error of the trial court in adjudging as a matter of law that the mineral contracts [meaning the general warranty mineral deeds] in question vested in their respective assignees [meaning the grantees] an indefeasible title under conditions where: (a) each of said contracts was made expressly subject to an existing mineral lease: (b) each contained a provision that in the event of cancellation or forfeiture of said existing lease certain defined mineral interests and rights thereupon would vest in the respective assignees; and (c), the subject matter of the lease was neither cancelled nor forfeited, but continued throughout the then unexpired portion of its primary term, without production had, and during which remainder of the primary term said assignees received their respective portions of the delay rentals in accordance with the terms of their contracts."

### Opinion upon Aforesaid Point.

■ The effect of the conveyance of an undivided half interest of the minerals in said land by William Patek to appellees, Rose and Sample, as aforesaid, was to sever the mineral estate in the land, thus conveyed to Rose and Sample, from all other estates therein. Elliot v. Nelson et al. 113 Tex. 62, 251 S.W. 501; Rio Bravo Oil Co. v. McEntire et al., 128 Tex. 124, 95 S.W.2d 381, 96 S.W.2d 1110.

The effect of the execution and delivery of said deed by William Patek to Rose and Sample, was to vest in Rose and Sample the fee simple estate to an undivided half of the minerals, except as the express words used in said deed imposed a limitation upon the estate thereby granted. R.C.S. Art. 1291. The express limitation imposed by the deed upon the estate thereby granted, which prevented it from being a fee simple estate to half the minerals, was the limitation that the conveyance was made subject to the Gulf Production Company lease. Therefore, by force of Art. 1291, the conveyance vested in Rose and Sample the fee simple estate to an undivided half interest in the minerals, less the estate vested in the Gulf Production Company in virtue of its lease.

■ But the estate which was vested in the Gulf Production Company, in virtue of said lease, was a determinable fee estate in the minerals in said land. Waggoner Estate v. Sigler Oil Company, 118 Tex. 509, 19 S.W.2d 27. So, when the mineral deed was delivered to Rose and Sample, it vested in them the fee simple estate in an undivided half interest in the minerals, subject to the determinable fee in the minerals outstanding in the Gulf Production Company.

It necessarily follows that, when the determinable fee to the minerals was lost by the Gulf Production Company because the lease terminated at the expiration of its primary term, Rose and Sample then owned the fee simple estate to an undivided half interest of the minerals, free of the said outstanding determinable fee to the minerals.

We do not consider the authorities cited by the parties as being in point, and therefore do not review them.

We overrule appellant's aforesaid point.

■ The next point urged by appellant is that the case should be reversed and remanded, because appellees' petition showed upon its face that, prior to the institution of this suit, appellees, Rose and Sample, conveyed portions of their mineral interest, involved in this suit, to one Gilbert and to one Sheig. That it thus appears from the face of appellees' petition that the said Gilbert and Sheig are necessary parties to complete relief as between appellees and appellant. That the court committed reversible error in not sustaining appellant's exception to the effect that Gilbert and Sheig are shown by appellees' pleadings to be necessary parties.

The effect of the allegations of appellees' petition is this: That Rose and Sample are the fee simple owners of an undivided half interest in the minerals in the land, which was conveyed to them by William Patek. That the said Rose and Sample had, prior to this suit, executed and delivered an oil, gas and mineral lease upon said land, which was now owned by the Humble Oil and Refining Company. That the said Rose and Sample owned the royalty rights under said lease, except as they had conveyed the same by a royalty deed to Gilbert, and except as they had conveyed the same by a royalty deed to Sheig. That the said Rose and Sample, by a covenant of general warranty, warranted the title to the minerals leased, and had warranted the title to the royalty rights conveyed. And that appellees seek to have the cloud cast upon their title to an undivided half of the minerals by the adverse claim of Mary Vackar removed.

We overrule appellant's contention that either Gilbert or Sheig, or both of them, were necessary parties to appellees' suit to remove cloud from title, cast thereon by Mary Vackar, and by appellant who succeeded Mary Vackar, pendente lite. The Humble Oil and Refining Company was alleged to hold the determinable fee to an undivided half interest in the minerals from Rose and Sample, in virtue of the mineral lease executed by Rose and Sample. Yet appellant apparently recognizes that said owner of the determinable fee in the minerals, holding under Rose and Sample, is not a necessary party to this suit. If such holder of that lease is not a necessary party to the suit, the holder of royalty interests under Rose and Sample cannot be necessary parties. The rights, conveyed by Rose and Sample by the mineral lease, are not put in issue in this suit. On the contrary, appellees allege that Rose and Sample leased the oil rights owned by them in virtue of the conveyance to them from William Patek. Likewise, the royalty rights which stem from and under said lease are not put in issue in this suit. But, when it is established in this suit that Rose and Sample became seized of the fee simple estate to half of the minerals in the land, Rose and Sample not only admit, they insist that Gilbert and that Sheig own the rights conveyed to them by the said Rose and Sample. Thus the issue and only is-

580

sue as to title in this suit is between appellees and appellant.

We overrule appellant's second point.

The former opinion in this case is withdrawn and this opinion is filed in lieu thereof.

The judgment of the trial court is affirmed.

Appellant's motion for rehearing is overruled subject to a second motion for rehearing, as allowed under Rule 458, as amended December 31, 1943.