### MECOM v. THOMPSON.
### No. 12261.

Court of Civil Appeals of Texas.
Galveston.

April 19, 1951.

Rehearing Denied May 31, 1951.

W. J. Alexander, Caldwell, R. E. Biggs, Liberty, and E. E. Davis, Newton, for appellant.

Thompson, Lawes, Cavanaugh & Hickman, Lake Charles, La., C. D. Ferguson, Leesville, La., and Hays Bowers, Caldwell, for appellee.

CODY, Justice.

This is an appeal from a summary judgment against plaintiff below upon the motion of defendant, made under Rule 166–A, Texas Rules of Civil Procedure.

On February 9, 1949, plaintiff filed this suit, styled Harvey Mecom v. W. W. Thompson, Trustee, and numbered on the docket of the District Court of Burleson County No. 14,810. By his petition plaintiff sought to have the royalty contract or mineral deed from V. J. Sparks to W. W. Thompson, Trustee, dated September 30, 1919, declared void and sought to recover title to the undivided half interest of the minerals which had been conveyed in said deed by the said Sparks to the said Thompson, Trustee.

Prior to the institution of this present suit, plaintiff had, on July 15, 1948, filed a suit in the aforesaid District Court styled V. J. Sparks et al. v. W. W. Thompson, Trustee, numbered on the court docket No. 14,781, in which plaintiff sought substantially the same relief as he here seeks in the present suit. The prior suit proceeded to trial before the court without a jury and in the course of the trial plaintiff called V. J. Sparks to testify. In the course of his testimony he testified that he had not authorized plaintiff herein to make him a party plaintiff or bring the prior suit in his name. At the close of the evidence in such prior suit, plaintiff took a non-suit, which was on or about January 5, 1949.

On the trial of the prior suit, in addition to V. J. Sparks, the following persons testified: J. W. Porter, who was the notary public that took the acknowledgment to the aforesaid mineral deed, was called to testify by plaintiff. The other witnesses who testified were for the defendant and they were Seth Wood and Dar Wood and W. W. Thompson, the grantee in the aforesaid mineral deed, and was also the defendant. Dar Wood and Seth Wood conducted the negotiations with V. J. Sparks. Dar Wood carried the deed after it was executed in Burleson County to W. W. Thompson, who resided in Leesville, Louisiana, and carried back from him the consideration to V. J. Sparks. The amount of consideration which was paid over to V. J. Sparks was $1,200.

The following persons who testified in the former suit have died, namely: Seth Wood died November 1, 1949; plaintiff's witness, W. J. Porter, died February 17, 1950; plaintiff's witness, V. J. Sparks, died February 18, 1950.

Defendant filed his motion for summary judgment on May 15, 1950, and attached thereto, among other things, copies of the testimony given upon the trial of the former suit. Plaintiff filed his answer which, among other things, asserted that a genuine issue of fact was placed in issue by the pleadings of the parties; namely, that a material alteration had been fraudulently made in the deed in two respects alleged in the deed, under circumstances so alleged; additionally, he himself filed a cross motion for a summary judgment.

The motions are too long to be stated more specifically.

Before stating the basis set up by plaintiff in his petition for having the deed adjudged void, we must give its material parts. It purports to grant, bargain, sell, convey, set over and assign to W. W. Thompson, Trustee,

"One-half interest in and to all of the oil, gas and other minerals, in, on or under or that may be produced from the following described lands" (describing some 2400 acres in Burleson County)

"And said lands above described being now under an oil and gas lease * * * held by Luckey Stone Oil Co., it is understood and agreed that this sale is made subject to said lease, but covers and includes one-half of all of the royalty for oil and gas and other minerals to be paid under the terms of said lease.

"*It is agreed and understood that one-half of all of the money rentals which may be paid to extend the terms of said lease is to be paid to the said W. W. Thompson, Trustee, and in event that the above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease and all future rentals on said lands for oil, gas and other mineral privileges shall be jointly owned by V. J. Sparks and W. W. Thompson, Trustee, each owning a one-half interest in all of the oil, gas and other minerals in and upon said lands, together with a like interest in all future rentals for such mining purposes.*

"*This sale was made for and in consideration of the sum of Twenty Six Hundred and Sixteen and 50/100 Dollars, cash in hand*

*paid, the receipt of which is hereby acknowledged.*"

With respect to the first of the paragraphs to which we have supplied emphasis, plaintiff alleged that the same had been caused to be fraudulently inserted in the instrument by the authority of W. W. Thompson, Trustee, after same had been executed by V. J. Sparks. And with respect to the second paragraph to which we have supplied emphasis, plaintiff alleged that the consideration which was received by V. J. Sparks was actually $1,200, and that the consideration was fraudulently written into the instrument as $2,616 after it had been executed by V. J. Sparks. Plaintiff charged that such changes enlarged the estate granted and the consideration given, and that the same were material changes and thereby rendered the instrument void. Plaintiff further alleged that the difference between the $1,200 consideration actually received by V. J. Sparks and the $2,616, recited in the deed to have been paid to V. J. Sparks, had been divided into three equal parts, one each going to the Woods and J. W. Porter, the notary public. It was alleged that Porter was related to V. J. Sparks and that he was paid to use his influence and that he had a disqualifying interest in the transaction so as to cause the acknowledgment to be void and the registration of the deed a nullity.

The hearing on the motion for summary judgment was in all respects regular. The court, as indicated above, granted said motion and rendered summary judgment that plaintiff take nothing by his suit. Plaintiff duly appealed and requested that the court file findings of fact and conclusions of law, which request the court granted and filed numerous findings of fact and conclusions of law. Subsequently, in response to plaintiff's further motion, the court filed additional and amendatory conclusions of fact and law.

We have concluded that the court did not err in granting the motion for summary judgment.

Rule 166–A is substantially an adoption of Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A. Section "(b)" of Rule 166–A reads: "For

Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Section "(c)" of Rule 166–A reads, in part: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ It is evident that the rule has been carefully framed so as to preserve its constitutionality in that it safeguards the right of trial by jury. The rule provides, in effect, if there is any issue of fact raised by the pleadings of the parties, express or implied, which are supported by the evidence under the implied pleadings of the parties, that with respect to such issue no summary judgment shall be given. "To proceed to summary judgment it is not sufficient then that the judge may not credit testimony proffered on a tendered issue. It must appear that there is no substantial evidence on it * * * either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force." Whitaker v. Aetna Casualty & Surety Co., 5 Cir., 115 F.2d 305, 306.

There is no attack made by plaintiff on the integrity of that part of the mineral deed which follows the description of the land, which portion of the deed specifies that the conveyance of the minerals is made subject to a mineral lease which is outstanding; but specifies that the conveyance does convey one-half of the royalty under such outstanding mineral lease.

■ Such conveyance of an undivided half of the mineral estate was a severance of the mineral estate from the rest of the fee simple estate. Harris v. Currie, 142 Tex. 93, 176 S.W.2d 302; Patek v. Duncan, Tex.Civ.App., 178 S.W.2d 577, writ refused. The following paragraph of the deed, which is the first paragraph to which we have supplied emphasis, is a mere legal gloss, a correct interpretation of the legal result which will attend the termination of the then outstanding mineral lease.

■ It was undisputed that the lease which had covered the mineral estate when the mineral deed was executed and delivered had long since expired when the suit was filed. There was evidence by Sparks that the first paragraph (to which we have supplied emphasis) was not in the deed when he executed it. There was evidence by Porter that the paragraph had been in the form of the deed as drafted, but that he, Porter, had marked it out. But we hold that it was immaterial whether, after so long a time, witnesses testified that such deed had been altered in such respect. This, because the paragraph constituted a mere incident to the estate which V. J. Sparks had undeniably granted. Even assuming that the paragraph had been inserted after it was executed (and no tampering with the original deed which has been sent up with the record, can be detected) it could not be a material change, because the law itself wrote such provision in the the deed. No fraud, or injury, could have been perpetrated upon the grantor thereby.

■ It was undisputed that V. J. Sparks received only $1,200 of the $2,616 paid by Thompson. But he received the consideration which he had agreed to, and which fully supported the conveyance of the estate in minerals which he made, together with all incidents attached by law to such conveyance.

J. W. Porter denied that he had received any part of the consideration paid by Thompson, above the sum of $1,200 but testified that he was only paid for taking the acknowledgment. But there was some evidence it seems that he did. There was no hint to be gathered from the instrument that the acknowledgement was voidable. V. J. Sparks was a single man. The acknowledgment was not essential to the validity of the mineral deed. There was no evidence that the half interest in the mineral estate which Sparks conveyed to Thompson, Trustee, ever passed into the hands of an innocent purchaser for value.

We agree with the holding of the trial court that it appeared as a matter of law upon the hearing for a summary judgment that no material change had been made in the deed after it was executed by V. J. Sparks.

Judgment is affirmed.