Mildred L. OUTLAW et vir, Appellants,

v.

T. O. BOWEN, Jr., Appellee.

No. 6537.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 28, 1955.

Rehearing Denied Dec. 31, 1955.

Joe S. Moss, Houston, for appellants.

Crenshaw, Dupree & Milam, Lubbock (R. K. Harty, Lubbock, of counsel), for appellee.

PITTS, Chief Justice.

This case involves a joint mineral interest owned by appellee, T. O. Bowen, Jr., and appellants, Mildred L. Outlaw and husband, N. C. Outlaw, in and under a 44.924 acre tract of land located in Garza County, Texas, and a proper construction of a mineral conveyance in order to determine their respective interests. Appellee filed suit against appellants seeking a declaratory judgment and asking for a partition of the oil, gas and other minerals in and under the said land, and for a removal of the cloud cast upon his title by reason of certain language used in an instrument of conveyance previously executed on December 6, 1943, by appellants. Appellants answered with a number of special exceptions and a general denial and seemed to defend upon the grounds that appellee's interest is an alleged nonpossessory royalty interest, purchased by appellee from his mother, Mrs. Minnie L. Bowen, after appellants had conveyed the said interest to her under the terms of the instrument previously herein mentioned, which interest they claim is not entitled to be partitioned; that appellee in fact is seeking reformation, cancellation or recision of the said instrument but such is barred by the statutes of limitation and can-

not be awarded in any event without making Mrs. Minnie L. Bowen, the grantee, a party to the suit.

The case was tried to a jury and as a result of its findings the trial court construed the terms of the instrument in question as being one that conveyed a fully participating mineral interest to grantee, who thereafter conveyed her interest to appellee, and rendered judgment awarding the partition sought by appellee. The judgment also declared appellee the owner of his mineral interest in fee simple, without any restraint on his right to alienate same, and without any power on the part of appellants to execute any oil, gas or other mineral leases thereon. The said judgment further removed the cloud cast on appellee's title by certain language used in the said instrument in question.

■ Appellants perfected an appeal to this court and present 44 points of error for our consideration. Their preliminary statements, authorities listed and points presented cover 23½ pages of their brief consisting of a total of 31 pages. A statement of the 44 points alone, some of which are lengthy, covers 20 pages in the brief. Then appellants use only seven pages of their brief to group and present generally all of the 44 points together, covering many separate and distinct complaints about matters, many of which are in no way related to each other. According to the rules of procedure such points cannot be grouped for presentation on appeal. Federal Underwriters Exchange v. Bickham, Tex.Civ. App., 136 S.W.2d 880, Syl. 11, affirmed 138 Tex. 128, 157 S.W.2d 356; Traders & Gen. Ins. Co. v. Scogin, Tex.Civ.App., 146 S.W.2d 1014, Syl. 5; Western Union Telegraph Co. v. Hinson, Tex.Civ.App., 222 S.W.2d 636, Syl. 8. However, because of our liberal policy to consider such points so grouped and presented so long as we can determine with some degree of certainty what a party is complaining about, we shall consider all of the said points.

In their many points of error presented, appellants have complained in separate points to the effect that the trial court committed error in overruling their numerous exceptions to appellee's pleadings, charging that the suit is essentially one seeking reformation, recision or cancellation without making the grantee in the instrument, Mrs. Minnie L. Bowen, a party to the suit and without alleging any fraud, accident or mistake, further claiming the 4-year statute of limitations in bar of recovery, Vernon's Ann.Civ.St. art. 5529, charging also that appellee owns nothing more than a nonpossessory royalty interest evidenced by his failure to plead possession or ingress and egress and that a nonpossessory royalty interest cannot compel a partition of interests; complained further on various grounds about the admission of certain parol evidence and particularly that offered in an alleged attempt to vary the terms of a written instrument; complained also because the trial court overruled their several objections to the court's charge given to the jury, overruled their motion for an instructed verdict and their motion to withdraw their announcement of ready after trial had begun and permit them to file a plea in abatement; complain further because the jury verdict is not supported by the evidence and charge that for many reasons the judgment rendered is contrary to law. It therefore appears that appellants briefed their appeal in part at least on a theory different from that pleaded by appellee and apparently different from the theory upon which the case was tried and judgment therein was rendered.

The record reveals that on or about July 12, 1943, Minnie L. Bowen, age 79 years and the surviving widow of W. L. Bowen, deceased, and her surviving children conveyed the land in question, including the minerals, to Mildred L. Outlaw, wife of N. C. Outlaw, as her separate property, but with an agreed understanding that Minnie L. Bowen would repossess one-half of the minerals; that thereafter on December 6, 1943, Mildred L. Outlaw and her husband, N. C. Outlaw, conveyed back to Minnie L. Bowen an undivided one-half of the oil, gas and other minerals and royalties in and under the said land, which conveyance constitutes the basis for this lawsuit; that

all of the negotiations leading up to this conveyance, however, were conducted by N. C. Outlaw for his wife, Mildred L. Outlaw; that thereafter on October 26, 1946, N. C. Outlaw took to the home of Minnie L. Bowen a prepared oil and gas lease, seeking her execution of the same jointly with himself and his wife conveying the said minerals in and under the said land to one R. W. Hamilton and the said instrument was jointly executed by .the three said parties on the said date; that on the next day N. C. Outlaw took to the home of Minnie L. Bowen and gave to her the sum of $5 as her one-half of the proceeds from the joint lease executed; that soon thereafter, through the assistance of her grandson, Vansell Bowen, and her nephew, Lee Bowen, Minnie L. Bowen learned that the consideration of the said joint mineral lease contract was $25 per acre, of which she was entitled to one-half thereof instead of only $5 to her part, and the remainder of one-half of which amounting to $555.50 was thereafter paid to her by N. C. Outlaw through her said nephew, Lee Bowen; that thereafter on August 26, 1948, Minnie L. Bowen conveyed all of her undivided one-half mineral interest in and under the said land to her son, appellee herein, T. O. Bowen, Jr., who bought his mother's interest therein with knowledge that there existed a disagreement between his mother and the Outlaws about their respective interests in the minerals in and under the land in question.

█ This suit being one for partition, declaratory judgment and removal of cloud from title, suffice it so say, without restating the lengthy pleadings, exceptions, objections to the testimony and the court's charge all based upon a theory that the suit is one to reform, cancel and rescind, that such were properly overruled. Nowhere does appellee seek reformation, recision or cancellation and nowhere does the trial court award reformation, recision or cancellation.

█ Appellee pleaded that certain provisions of the instrument in question of date December 6, 1943, executed by the appellants conveying mineral interest to Minnie L. Bowen were in conflict with other provisions thereof, creating an ambiguity, and that it was the intention of the parties to the said instrument to convey a full participating one-half mineral interest to grantee and the said parties had so construed the said instrument by thereafter joining together in the execution of a joint mineral lease to R. W. Hamilton on October 26, 1946, and thereafter dividing the proceeds therefrom equally between Minnie L. Bowen and appellants. Appellee also pleaded that the said instrument of date December 6, 1943, contained the following unenforcible and void paragraph:

"This mineral deed is accepted with the understanding that no conveyance or assignment of such royalty shall ever be made except in whole and that any attempt to convey or assign any portion less than the whole thereof, either by grantee, her heirs or assigns, shall operate to forfeit the entire royalty hereby conveyed to the grantor herein, and any such conveyance or a portion thereof shall be null and void."

Appellee further pleaded that such provisions cast a cloud upon his title. It seems to be the law in Texas, as well as the weight of authorities, that a restraint on alienation imposed on a fee simple title is unenforcible unless the instrument in which the restraint is imposed provides for an enforcible penalty in the event of violation. Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940, 26 C.J.S., Deeds, § 145, p. 478; Somers v. O'Brien, 129 Kan. 24, 281 P. 888. There is no enforcible penalty provided for in the event of violation of the foregoing provision. Very similar language used in a similar instrument was held to be void for uncertainty in the case of Knight v. Chicago Corp., Tex.Civ.App., 183 S.W.2d 666, affirmed 144 Tex. 98, 188 S.W.2d 564, and it was there held that such provisions should be strictly construed. Under the facts and the law governing such it is our opinion that it was proper for the trial court to remove the cloud cast upon appellee's title by reason of the provisions herein quoted. In so doing the court did not

cancel or remove any language from the instrument but merely removed the cloud from appellee's title.

In Texas the statutes of limitation do not apply to a partition suit; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589; nor to a bill to remove cloud from title; Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S.W. 601; White Point Oil & Gas Co. v. Dunn, Tex.Civ.App., 18 S.W.2d 267 (writ dismissed); nor to a suit for a declaratory judgment, at least until the provisions of such are set in action by the actual occurrence of a controversy; Murphy v. Honeycutt, Tex.Civ.App., 199 S.W.2d 298 (writ refused).

As to the question of Minnie L. Bowen being a necessary party to the suit, she owned no interest in the property involved and had not for several years before the suit was filed. Parties who own no interest in the property involved in a partition suit should not be made parties to the suit. Perkins v. Perkins, Tex.Civ.App., 166 S.W. 915 (writ refused), 32 Tex.Jur. 183, Sec. 34. Persons as to whom there is no issue of title are not necessary parties to a bill to remove cloud from title. Patek v. Duncan, Tex.Civ.App., 178 S.W.2d 577 (writ refused). The only necessary parties to a suit for a declaratory judgment are those whose interest will be affected by the judgment or declaration. Article 2524-1, § 11, Vernon's Revised Civil Statutes and Crawford v. Thomas, Tex.Civ.App., 229 S.W.2d 80 (writ refused). Under the pleadings, facts and authorities cited, Minnie L. Bowen was not a necessary party to this suit.

In connection with appellee's pleadings to the effect that there are conflicts in certain provisions of the instrument to be construed, we will examine certain provisions therein contained. The said instrument contains a paragraph reading as follows:

"Full, complete and sole power and authority to execute leases and receive rentals relating thereto is hereby specifically reserved unto grantor, her heirs and assigns."

The said instrument also contains another paragraph reading as follows:

"It is agreed and understood that one-half of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said Minnie L. Bowen, and in the event the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privileges shall be owned jointly by Mildred L. Outlaw and Minnie L. Bowen, each owning an undivided one-half interest in all oil, gas and other minerals in and upon said land, together with an undivided one-half interest in all future rents."

(The lease referred to in the last paragraph has terminated. The first paragraph was typewritten while the second paragraph was partly printed and partly typewritten). The first paragraph recites that only the grantor shall receive rentals while the second paragraph recites that such shall be owned jointly.

Both Minnie L. Bowen, the grantee in the instrument, and N. C. Outlaw, one of the grantors, testified that the said instrument was executed pursuant to a former agreement, made between all the parties at the time the conveyance of the tract of land to Mildred L. Outlaw by Minnie L. Bowen, to the effect that Minnie L. Bowen was to retain or repossess an interest of some nature in the minerals in and under the said land. However, there was a disagreement in the testimony as to the nature of the interest conveyed to and belonging to Minnie L. Bowen. N. C. Outlaw testified that her interest was only a royalty interest while Minnie L. Bowen testified that she was to have "one-half of all of it, the mineral and royalty, whatever was there." In our opinion the trial court because of ambiguity in the instrument properly admitted testimony on the question of intent

as to the pre-existing agreement between the parties; properly admitted further testimony on the question of intent by showing that on October 26, 1946, an oil and gas lease was executed jointly to R. W. Hamilton by appellants and Minnie L. Bowen and that N. C. Outlaw first paid Minnie L. Bowen next day only $5 as her part of the proceeds from the lease but that he later paid her an additional $555.50 through her nephew, Lee Bowen, as her full share of the proceeds from the said lease thus giving her one-half of the proceeds received from the lease. Such testimony likewise has a tendency to show the construction the parties themselves gave the language used by them in the instrument of conveyance.

Because of the disagreement of the parties shown it became the duty of the trial court to determine the question at issue. The instrument under which appellee claimed being ambiguous on its face, it was necessary to construe the provisions of the same in accordance with the laws of Texas relative to the construction of such an instrument. The trial court therefore, after hearing the conflicting testimony, submitted to the jury Special Issue No. 1 inquiring as to whether or not the jury found that it was the intention of the parties to the instrument of date December 6, 1943, for the said instrument to convey a fully participating one-half mineral interest, and instructed the jury, first, that if the parties to an ambiguous instrument have placed a particular construction thereon by their acts and conduct, such a construction is entitled to have great weight in construing the same; second, that in determining the intention of the parties, they should consider the facts and circumstances surrounding them at the time of the execution and delivery thereof; and third, that typewritten words will control over printed words in construing an ambiguous instrument. In response to this inquiry the jury answered affirmatively to the effect that it was the intention of the parties to convey to grantee, Minnie L. Bowen, a fully participating undivided one-half interest in the oil, gas and other minerals in and under the land in question and we think the trial court

properly so construed the instrument. Fantham v. Goodrich, 150 Tex. 601, 244 S.W. 2d 510; Marathon Oil Co. v. Edwards, Tex. Civ.App., 96 S.W.2d 551; Crumpton v. Scott, Tex.Civ.App., 250 S.W.2d 953; Stallings v. Slaughter, Tex.Civ.App., 159 S.W. 2d 562; Red River, T. & S. Ry. Co. v. Davis, Tex.Civ.App., 195 S.W. 1160; Loeffler v. King, Tex.Civ.App., 228 S.W.2d 201, reversed on other grounds, 149 Tex. 626, 236 S.W.2d 772, 14 Tex.Jur. 910, Sec. 132.

Appellants complain about the admission of evidence concerning material facts shown to have occurred and been developed in conversations between N. C. Outlaw and Minnie L. Bowen, as well as other witnesses, in the absence of his wife, Mildred L. Outlaw, who owned the property here involved in her own right. The record reveals that the negotiations concerning the transactions here involved were had with N. C. Outlaw representing his wife. He likewise negotiated the joint execution of the R. W. Hamilton mineral lease on October 26, 1946, took the $5 to Minnie L. Bowen the next day and later paid her the remaining $555.50. Mildred L. Outlaw obtained and holds title to the land and one-half the minerals in question as a result of the negotiations of her husband, N. C. Outlaw, and she enjoys the benefits and proceeds from the leases negotiated by her husband.

A married woman may have her husband act as her agent in making any contract which the law authorizes her to make. Foster v. Hackworth, Tex.Civ.App., 164 S.W.2d 796; Hughes v. Belman, Tex.Civ. App., 200 S.W.2d 431. Agency on the part of one spouse to act for the other may be presumed from acts or conduct of the parties. Henderson v. Jimmerson, Tex. Civ.App., 234 S.W.2d 710. The facts and circumstances here presented are sufficient to show that N. C. Outlaw was the agent of his wife, Mildred L. Outlaw. Being such, she is bound by all the conversations and negotiations involving her interest here shown. Henderson v. Jimmerson, supra; Smith v. Olivarri, Tex.Civ.App., 127 S.W. 235. The last case cited further holds that

a wife is bound by her husband's acts as her agent and cannot accept that which is to her advantage and reject that part which may impose a burden upon her. Under the record presented, Mildred L. Outlaw cannot disassociate herself from the agreements, acts, conversations and negotiations of her husband, N. C. Outlaw, as her agent, and at the same time receive and enjoy the benefits therefrom. Brown v. Stoker, Tex.Civ.App., 102 S.W.2d 248.

Appellants complain about the method used by the trial court in ordering the mineral interests partitioned between the parties. J. A. Rogers testified that he was in the oil business and had been dealing in minerals and leases in Garza County, Texas, for several years; that he was acquainted with the land and minerals here involved; that in his opinion the mineral interests here involved are susceptible of being partitioned in kind between appellants and appellee to share equally. The issue having been raised by the pleadings and the evidence, the trial court submitted a special issue to the jury to determine if the mineral interests were susceptible to a fair and equitable partition between the named parties. In response to the issue the jury found that such mineral interests were susceptible to partition. Based upon the jury finding we think the trial court properly rendered judgment for partition and appointed commissioners to partition such interest between the parties and proceeded accordingly.

Any joint owner of mineral interest may compel a partition thereof between the joint owners or claimants. Article 6082, V.A.C.S.; Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299, writ of error denied 116 Tex. 355, 292 S.W. 156. In that case the court further held that the law favors a partition in kind, rather than a sale with partition of the proceeds. We find no fault with the procedure of the trial court for partition. White v. Smyth, Tex.Civ.App., 214 S.W.2d 953, affirmed 147 Tex. 272, 214 S.W.2d 967, 5 A.L.R.2d 1348; Humble Oil & Ref. Co. v. Lasseter, Tex.Civ.App., 95 S.W.2d 730.

In our opinion the verdict of the jury is supported by the pleadings and an abundance of competent evidence. We likewise believe the trial court's judgment is amply supported by the law. However, we further cite the following cases: Superior Oil Co. v. Stanolind Oil & Gas Co., 150 Tex. 317, 240 S.W.2d 281; Murphy v. Jamison, Tex.Civ.App., 117 S.W.2d 127 (writ refused); Texas & N. O. R. Co. v. Orange County, Tex.Civ.App., 206 S.W. 539 (writ refused).

A careful examination of the record and the briefs reveals no reversible error. Appellants' points to the contrary are all overruled and the judgment of the trial court is affirmed.