**Julia K. DESSOMMES, Appellant,**

v.

**Lawrence F. DESSOMMES et al., Appellees.**

**No. 4944.**

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

John R. Bryant, Dallas, for appellant.

Bader, Wilson, Menaker & Cox, Marvin Menaker, Thompson, Coe, Cousins, Irons & Porter, R. B. Cousins, Golden, Burrow, Potts & Boeckman, Hawkins Golden, Dallas, for appellees.

## OPINION

WILSON, Justice.

Plaintiff sued her former husband, his employer and the insurance companies which funded the employer's pension or retirement plan to which the husband had contributed. Plaintiff and her husband were divorced in February, 1963. A declaratory judgment was sought determining the rights of plaintiff and her divorced husband in the pension plan.

The husband filed a "plea in bar" asserting that the wife's rights, title and interest in the plan and fund had been adjudicated in the divorce decree and pleaded res judicata thereby. He pleaded that more than four years had elapsed since the divorce decree, and plaintiff's cause of action was barred by limitation. Alternatively, he pleaded res judicata as the result of a 1968 order wherein plaintiff's claim she was a tenant in common of the property in question was denied.

The insurance companies filed bills of interpleader.

Plaintiff filed a motion that the husband's plea be considered as a motion for summary judgment, and the court did so, rendering summary judgment that plaintiff take nothing.

The judgment is erroneous, in our opinion, and it is reversed.

The parties stipulate that the exhibits which reflect the facts material to decision were agreed upon and considered by agreement as a part of the motion for summary judgment.

The final divorce decree rendered in February, 1963, while disposing of some property, made no specific reference to the fund in controversy, but ordered that each party "keep the property now in possession of such party as their own separate property and estate, subject to any indebtedness that might be against it".

■ There is nothing in the record to indicate that the fund in question was "in the possession" of either the husband or the wife, or that it was not held by the employer and the insurance companies. There is no suggestion in the record it was not community property. Consequently, the divorce decree having made no disposition of the property, "the law does not vest title in either husband or in the wife. [If the fund constitutes community property (which we cannot and do not decide from this record)] they both remain owners of the property as tenants in common". Ex parte Williams (1960), 160 Tex. 314, 330 S.W.2d 605, syl. 2.

■ The divorce decree did not operate as a bar to the present action. Busby v. Busby (Tex.Sup.1970), 457 S.W.2d 551, 554, syl. 3; Kirberg v. Worrell (Tex.Com. App.1932) 44 S.W.2d 940. See Cline v. Cline (Tex.Civ.App., 1959, writ ref. n. r. e.), 323 S.W.2d 276.

Five days after the date of the divorce decree the wife, through new counsel, filed a motion for new trial alleging as grounds that she did not understand the hearing which resulted in the decree was a final hearing on the merits, nor that she was "getting a divorce on this date". The motion was dismissed seven months later, the order of dismissal reciting that all parties appeared for a hearing.

In 1968 the wife filed a motion by new counsel in the original divorce case alleging that the property rights in the pension plan were actually litigated in the divorce suit and the court actually made a division thereof, but through error the written judgment did not contain provision for the division. It was further alleged in this motion that at the hearing on the motion for new trial the court had orally directed that the judgment provide for the division, but the direction was not carried out. The prayer was for entry of judgment nunc pro tunc that the parties were tenants in common in the fund. The court's order on the latter motion declared that the issue of ownership of the pension fund "was not adjudicated by the court in the trial of this cause, nor was any division thereof" made by the court at the divorce hearing.

This order likewise was not an adjudication of the rights of the parties in the pension fund; it merely determined that the issue had not been adjudicated in the original hearing, and consequently was not the proper subject of judgment nunc pro tunc.

■ The record does not establish the plaintiff's action is barred by limitation as a matter of law. The petition alleges facts showing a controversy arose March 15, 1968. This suit was filed May 23, 1969. Limitation begins to run on such an action when an actual controversy arises. 2 Anderson, Declaratory Judgments (2d ed.) Sec. 351; Outlaw v. Bowen, Tex.Civ. App., 285 S.W.2d 280, writ ref. n. r. e. See 15 Tex.Jur.2d, Cotenancy, Sec. 41, p. 211.

Reversed and remanded.