**Doris B. YEO, Appellant,**

v.

**Norman R. YEO, Appellee.**

**No. 16131.**

Court of Civil Appeals of Texas, San Antonio.

April 25, 1979.

Rehearing Denied May 30, 1979.

Wayne I. Fagan, Jason W. Chozick, Davis, Rigely & Fagan, Inc., San Antonio, for appellant.

Bruce Waitz, Keith M. Baker, San Antonio, for appellee.

## OPINION

KLINGEMAN, Justice.

This is an appeal arising out of a summary judgment proceeding involving a suit for partition of military retirement benefits. Norman R. Yeo, appellee, and Doris B. Yeo, appellant, were married on January 17, 1940, and were divorced on September 3, 1964. Appellee served in the armed forces for all but the last few months of the marriage. He retired from the United States Air Force on April 23, 1964, at the age of fifty-nine with the rank of lieutenant colonel and has received military retirement benefits from that date until the present.

On July 11, 1964, at a time prior to the divorce, appellant and appellee entered into a property settlement agreement. The only reference thereto in the decree of divorce provides that "the property settlement

agreement of the Plaintiff and Defendant, a copy of which is filed herein and made a part hereof, be, and it is hereby confirmed and ratified." The property settlement agreement makes no mention of the military retirement benefits. Under the agreement appellee was awarded property of the approximate total value of $12,813, and appellant was awarded property of the approximate total value of $13,991.[1] According to appellee's deposition testimony, as of March, 1978, he had received net military retirement benefits of $138,029. Appellant has received none of these benefits, and she brought suit seeking a partition thereof. Appellee filed a motion for summary judgment, and appellant filed her answer thereto and an attached affidavit in opposition to the motion. Following a hearing, the trial court entered an order granting appellee's motion for summary judgment and decreeing that appellant take nothing.

Appellant asserts on this appeal that the trial court erred in granting summary judgment because (a) the property settlement agreement did not dispose of the military retirement benefits; (b) the property settlement agreement is not plain and unambiguous; (c) appellant's claim for military retirement benefits is not barred by the original decree of divorce; and (d) her claim is not barred as a matter of law by limitations or laches.

With respect to a summary judgment the question on appeal as well as in the trial court is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's cause of action, but rather whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of those essential elements. The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against the movant. The provisions of Rule 166–A, Texas Rules of Civil Procedure, are applicable alike to defendants and plaintiffs who move for summary judgment. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex. 1965).

It is now settled that all military retirement benefits which accrue during the marriage of the respective parties under Texas law is the community property of such parties. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976); *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd). It is equally well settled that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Clendenin v. Krock*, 527 S.W.2d 471 (Tex.Civ.App.—San Antonio 1975, no writ). Under these authorities, appellant's suit in this case is not a collateral attack on the divorce decree. It is merely a suit brought by one tenant in common against another with reference to property not affected by the prior divorce decree. *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102 (1942); *Kirberg v. Worrell*, 44 S.W.2d 940 (Tex.Comm'n App.1932, holding approved); *Clendenin v. Krock*, 527 S.W.2d 471 (Tex.Civ.App.—San Antonio 1975, no writ). Moreover, a partition of community property not disposed of in the prior divorce decree is not barred by the doctrine of res judicata. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Clendenin v. Krock*, 527 S.W.2d 471 (Tex.Civ.App.—San Antonio 1975, no writ); *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ).

The summary judgment proof before us consists of the depositions of the two parties; written interrogatories and answers thereto of the parties; an affidavit by appellant in opposition to appellee's motion for summary judgment; and certain exhib-

---

1. The quoted values are taken from the brief of the appellant and are not challenged by appellee. Deposition testimony by each of the par-

ties established approximate values for various items of property awarded pursuant to the property settlement agreement.

its attached to the pleadings. Some of the testimony is uncontroverted and has heretofore been set forth. The primary area of disagreement is in the matter of negotiations and execution of the property settlement agreement. Appellant does not deny that she signed the agreement nor does she urge that she was forced to sign it; she did testify, however, that the retirement benefits were never discussed prior to execution of the agreement. She contends that she relied on representations appellee made to her; that appellee assured her that his lawyer was more knowledgeable than her lawyer; that it would be best for his attorney to prepare the settlement agreement; and that she told him that this arrangement would be agreeable because she trusted him. Appellee, on the other hand, testified that some mention was made of the retirement benefits. There is testimony that appellant knew that her husband was receiving military retirement benefits, at the time of the divorce. It must be remembered, however, that in 1964 when this property settlement agreement was entered into and the divorce was granted, the state of the law as to one spouse's right in the other spouse's military retirement benefits was nebulous and unsettled even among lawyers. The *Mora* decision, cited previously, did not come until 1968, and the Supreme Court of Texas decision in *Busby* followed two years later.

■■ Knowledge that community assets are undisposed of in a divorce decree does not effectuate a division or transfer of such property. Since neither the property settlement agreement nor the divorce decree in the case before us makes any mention of military retirement benefits, it is clear under the authorities previously cited that the retirement benefits remained as property not divided, and the appellant and appellee became tenants in common or joint owners thereof, unless a purported release provision or residuary clause in the settlement agreement had the effect of disposing of the military retirement benefits.

The residuary clause relied upon by appellee provides as follows:

I, the said DORIS B. YEO, for the same consideration, have released, remised and quitclaimed and by these presents, to [sic] hereby forever release, remise and quitclaim unto the said NORMAN R. YEO, his heirs, executors and assigns, any and all claims to, upon and against all his property and estate, including the property herein set aside and conveyed to him, any separate property he may now have or acquire in the future, and all other property of whatever nature, separate or community, in his possession or claimed by him, and wherever located, and I do further release, remise and discharge forever and agree to hold harmless, the said NORMAN R. YEO, his heirs, executors and assigns, from any and all liability, obligations and responsibility in connection with and with respect to the property herein conveyed to me and to be conveyed to me under the terms and provisions hereof.

The basic issue before us is whether or not the property settlement agreement disposes of the military retirement benefits. Since such benefits were not mentioned in either the property settlement agreement or in the divorce decree, appellee's argument must stand or fall on the provisions of the so-called residuary clause above set forth. The first two provisions of such clause can give little comfort to appellee ("any and all claims to, upon and against all his property and estate, . . . and any separate property he may now have or acquire in the future"). Appellant owned as her own property an undivided interest in such military retirement; her interest is not a claim against appellee's "property and estate [or] any separate property" owned by him. Appellee's argument is thus relegated to the third provision of the agreement ("all other property of whatever nature, separate or community, *in his possession or claimed by him*, and wherever located") (emphasis added). We do not regard appellant's interest in the military retirement benefits as a "claim," or as "property in [appellee's] possession."

**738**

While we have not found any decisions we regard as determinative with regard to the release or residuary clause here involved, there are several Texas cases which are at least persuasive. In *Dessommes v. Dessommes*, 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.), [hereinafter referred to as *Dessommes II*][2] the ex-wife brought suit to establish her interest in one-half of her ex-husband's retirement benefits which were not specifically adjudicated in a 1963 decree of divorce. The ex-husband asserted that a provision in the divorce decree which stated that "each part[y] hereto keep the property now in the possession of such party as their own separate property and estate," was effective to defeat the ex-wife's claim. The Dallas Court of Civil Appeals disagreed, and held that "possession" could not properly be interpreted as including such intangible contract rights as those there involved. The court noted that "[possession] is ordinarily understood as referring to property over which the parties have physical control or, at least, a power of immediate enjoyment and disposition." *Id.* at 676.

In *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ), an ex-wife, as appellant, sought a partition of property not specifically set out in the divorce decree or in the property settlement agreement between the parties. The ex-husband asserted that the following language of the property settlement agreement, entitled "Release of Claims and Rights Against Other Spouse," was sufficient to vest in him the full title to the property in question:

In consideration of all of the premises, each spouse hereby releases all claims and rights, which such spouse ever had, now has, or might hereafter have, against the other by reason of their former relationship as Husband and Wife, or otherwise, excepting only claims and rights of such spouse created and outstanding against

the other pursuant to the terms of the Divorce Decree rendered by the Court, or the terms of this agreement; it being the intent hereof that each spouse accepts the provisions of this Agreement in full release and settlement of any and all claims and rights against the other.

*Id.* at 205. The Dallas Court of Civil Appeals in overruling the ex-husband's contention held that "[i]n the absence of a 'catch all' or residuary clause in the agreement specifically providing for the disposition of property not specifically described therein, it could not reasonably be argued that such undisclosed property would be awarded to one party or to the other." *Id.* at 208. The court, in answer to the husband's argument that the language constituted a residuary clause, concluded that "this constitutes a mutual release of personal claims and has no relation to property rights. An interest in community property is not a claim or right *against* the other spouse." *Id.* at 208 (emphasis original).

In *Simmons v. Simmons*, 272 S.W.2d 913 (Tex.Civ.App.—Fort Worth 1954, no writ), the court held that a property settlement agreement which was made a part of a divorce decree and which provided that each party relinquished to the other

[all] right, title, interest, claim and demand accrued and accruing in and to the property of the other, whether now in being or in possession, or hereafter acquired, . . . [and in which it was agreed that] this settlement is and forever after shall be, a bar to any suit at law or otherwise for anything growing out of the relation of the parties, as well as the property rights of the one against the other

was not effective to bar a recovery by the first wife of her deceased former husband as the beneficiary under a policy of life insurance. The court observed that "[s]he had relinquished all rights she might ever

---

**2.** This is one of three *Dessommes* decisions involving the same parties. For the sake of clarity, the opinions, in order of rendition, 461 S.W.2d 525 (Tex.Civ.App.—Waco 1970, no writ]; 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd, n. r. e.); and 543 S.W.2d 165 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.), will be hereinafter referred to, respectively, as *Dessommes I, II*, and *III*.

have in deceased's property, but not in her own."

The essential thrust of these and other cases involving broad and comprehensive release or residuary clauses in property settlement agreements is that, unless the property involved is specifically identified and described, such clauses are not effective to transfer or release property owned by the so-called "releasor." We have concluded, therefore, that the divorce decree, in the present case, which incorporated by reference the property settlement agreement, does not constitute an adjudication or disposition of the community property interest in the military retirement benefits.

██ Appellee's contention that this is a collateral attack on the divorce decree and that the divorce decree is res judicata to the present action is without merit. Such contentions are effectively disposed of in *Busby, Clendenin*, and *Thompson*, cited previously. Under these cases and other authorities, if the divorce decree fails to accomplish the disposition of all property rights of the parties then the parties remain owners of any property not disposed of as tenants in common. The law is well settled that either party to the divorce action may subsequently demand partition of property which has not previously been divided.

██ Appellant also urges that the trial court erred in granting appellee's motion for summary judgment since appellant's claim was not barred as a matter of law by limitations or laches. The trial court made no specific findings in the summary judgment on the matter of limitations or laches, and, in fact, stated that the summary judgment was granted on other grounds. Appellee specially pleaded the four-year statute of limitations,[3] and asserted that this is a suit to set aside a conveyance between husband and wife of certain marital property in which the property settlement is dated more than four years previous to the action for partition. Since appellee specially

pleaded the statute of limitations as an affirmative defense, it was his burden to prove all essential facts necessary for a recovery thereunder. Moreover, as movant for summary judgment, it was further incumbent on him to establish limitations as a matter of law. He did not meet this burden.

We have previously cited *Dessommes II* on another matter. All three *Dessommes* cases have passed on and discussed the matter of limitations. In each case, the ex-wife sued for recovery of an interest in her ex-husband's retirement plan. In *Dessommes I*, the Waco Court of Civil Appeals held that the record did not establish as a matter of law that her action was barred by the four-year statute of limitations. In the second appeal in the case, the Dallas Court of Civil Appeals also discussed and passed on the question of limitations. There, Mr. Dessommes asserted that his ex-wife had the right to bring her cause of action for any interest she had in the retirement plan at any time after the divorce was granted in 1963, and argued that her action was one for recovery of personal property which was barred after four years. The court stated:

> We do not agree that a cause of action for recovery of personal property accrued in 1963. Plaintiff's present petition seeks judgment for one-half of the benefits paid to defendant since August 1, 1969, and for a mandatory injunction requiring payment to plaintiff of one-half of all future benefits. This particular cause of action did not arise until the payments began, and any previous cause of action she may have had for declaration of her rights in the fund would have arisen only on a denial or repudiation of those rights. We need not determine whether failure to commence a declaratory judgment action within four years after repudiation of her interest in the fund would bar a subsequent action to recover her share of the benefits paid, since this record shows

---

3. Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958) provides:

   Every action other than for the recovery of real estate, for which no limitation is other-

   wise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

no such repudiation more than four years before the suit was filed.

505 S.W.2d at 677.

In *Dessommes III* the Texarkana Court of Civil Appeals again held adversely to Mr. Dessommes on the matter of limitations. The court there discussed the appellate opinions of the Waco and Dallas courts in the previous *Dessommes* decisions which had effectively determined the limitations issues there involved. The Texarkana court did, however, discuss limitations to the extent the matter had been left unresolved by the Dallas court, but did not pass on the matter of an action subsequent to *Dessommes III* to recover benefits as they would thereafter accrue. In holding against Mr. Dessommes on the matter of limitations, the Texarkana court cited numerous cases, including *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929 (1935); *Outlaw v. Bowen*, 285 S.W.2d 280 (Tex.Civ. App.—Amarillo 1955, writ ref'd n.r.e.);[4] *Murphy v. Honeycutt*, 199 S.W.2d 298 (Tex. Civ.App.—Texarkana 1946, writ ref'd).

The case before us is remarkably similar in this respect to the three *Dessommes* cases, as it is the appellee's contention here that the statute of limitations began to run against appellant at the time the divorce was granted in 1964. There is nothing in the record, however, to show any repudiation by appellee of appellant's interest in the retirement funds. The summary judgment proof does not establish limitations as a matter of law.

■ On similar grounds we hold that the present record raises no question of laches. One of the essential elements of laches is unreasonable delay in asserting legal or equitable rights. *City of Fort Worth v. Johnson*, 388 S.W.2d 400 (Tex. 1964). No unreasonable delay could be charged against appellant until her cause of action matured on denial or repudiation of her interest in the military retirement benefits. *See McCampbell v. McFaddin*, 71 Tex. 28, 9 S.W. 138 (1888).

It is clear that an inequitable result was reached. All the other property acquired during the marriage of appellant and appellee was divided between the parties on an essentially equal basis, with each receiving approximately $13,000 in property. In addition, appellee has received all of the retirement benefits which have already amounted to approximately $138,000 in net benefits. He is presently receiving in excess of $1,300 monthly in net benefits. An approved method of division of military retirement as outlined by the Supreme Court of Texas in *Cearley v. Cearley*, 544 S.W.2d 661, is "if, as, and when the benefits are received by the retiring spouse," and over a period of years such benefits could amount to a substantial sum of money.

For the many reasons set forth, we have concluded that this case must be reversed. The judgment of the trial court is reversed and remanded for a new trial.

---

4. In *Outlaw v. Bowen,* the court stated that "[i]n Texas the statute of limitations does not apply to a partition suit; . . . nor to a bill to remove cloud from title; . . . nor to a suit for a declaratory judgment, at least until the provisions of such are set in action by the actual occurrence of a controversy." 285 S.W.2d at 284.