Esther L. MOONEY, Appellant,

v.

George A. GLASSPOOL, Appellee.

No. 8493.

Court of Civil Appeals of Texas, Beaumont.

June 26, 1980.

Gary H. Gatlin, Jasper, for appellant.

H. A. Coe, Jr., Kountze, for appellee.

KEITH, Justice.

This is an appeal from a judgment which denied to the wife her share of army retirement benefits which had not been included in an earlier divorce decree. We reverse for the reasons now to be stated.

The parties were married in 1949 at a time when the husband had been in the Army for four years. He retired in 1965 and began drawing his retirement benefits. The parties were divorced in 1971, and it is undisputed that they divided all of the community property amicably but no mention was made of the retirement pay then being received by the husband.[1] Upon cross-examination, any possible doubt was removed when the husband reiterated his earlier direct testimony.[2] The wife testified that she knew the husband was receiving the retirement checks at the time of the divorce but did not know that she was entitled to any part thereof. She was not represented by counsel in the divorce action.

Shortly after the divorce, and at a time when the husband was slow in making child support payments under the original decree, she threatened action which might involve the benefits, using these words:

> "The only time I said anything about the retirement is when he said he had stopped the child support, I said, 'If you do, I'll get half of the retirement.' That was before I got married. I didn't think I was entitled to any of it after I got married."

The husband pleaded laches, stale demand, and several statutes of limitation. After a bench trial, judgment was entered denying the wife any recovery and she has appealed.

One of the supplemental findings of fact filed by the trial court is fundamental to the appeal: "That the divorce decree entered in Cause No. 15,979 in the District Court of Hardin County, Texas, did not dispose of the Army retirement benefits of George A. Glasspool." We accept such finding, based as it is upon the uncontradicted record which we review.

In *Yeo v. Yeo*, 581 S.W.2d 734, 736 (Tex. Civ.App.—San Antonio 1979, writ ref'd n. r. e.), Justice Klingeman collated the authorities on the subject, and we reproduce part of such holding, omitting all authorities cited:

---

1. On direct examination by his own counsel, the husband testified at the divorce hearing:

   "Q. You didn't say nothing about the retirement?
   "A. No, didn't say nothing about the retirement. I figured that was mine anyway.
   "Q. You didn't mention that to Judge Coe?
   "A. No, sir.
   "Q. Then he didn't know about a retirement?
   "A. No, sir, I don't think he did."

2. Cross-examination of the husband:

   "Q. And as you said, when you went before the Judge, there was no discussion about retirement benefits, was there?"
   "A. Right, no discussion."

"It is now well settled that all military retirement benefits which accrue during the marriage of the respective parties under Texas law is the community property of such parties. . . . It is equally well settled that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. . . ."

See also, *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970); *Cowan v. Plsek*, 592 S.W.2d 422, 423 (Tex.Civ.App.—Waco 1979, no writ).

■ Moreover, as noted in *Yeo* (at 737), "Knowledge that community assets are undisposed of in a divorce decree does not effectuate a division or transfer of such property." [3]

■ The husband now contends, and the trial court agreed, that the statute of limitations began to run against the wife at the time the divorce was granted in 1971. Such contention is wholly without merit since there is no evidence in the record to show any repudiation by the husband of the wife's interest in the retirement funds. See *Yeo*, supra, wherein Justice Klingeman discusses the three *Dessommes v. Dessommes Cases*. [4]

*Yeo* also disposes of the husband's contention that the wife's suit is barred by the doctrine of laches or stale demand:

"No unreasonable delay could be charged against appellant until her cause of action matured on denial or repudiation of her interest in the military retirement benefits. See *McCampbell v. McFaddin*, 71 Tex. 28, 9 S.W. 138 (1888)." (at 740)

The husband argues that the wife's threat to "get" part of the retirement pay if the husband did not resume child support payments amounted to a contractual division of the retirement benefits. Counsel neglects to advise us what consideration, if any, supported such an agreement. We summarily overrule such contention, submitted as it is without supporting authority.

■ Counsel also contends that since the trial court found that the wife's cause of action was barred by the statute of limitations and the doctrine of laches, such findings of fact and conclusions of law are binding upon this court. We disagree.

We review a judgment arising out of a bench trial and we have been furnished with a complete statement of facts. Thus, the rule laid down in *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 158 (1950), is applicable:

"There is nothing in the rules which provides that in a case tried before the court without a jury the findings of fact are conclusive on appeal when a statement of facts appears in the record."

This rule is still viable. See *Douthit v. McLeroy,* 539 S.W.2d 351, 352 (Tex.1976).

■ It follows from what has been written that we are of the opinion that the trial court erred in entering a judgment which deprived the wife of any part of the retirement benefits she had earned as a member of the community for four-fifths of the time during which such benefits were earned. As a matter of law, from the undisputed facts in this record, we are of the opinion that judgment for the wife should be entered awarding her two-fifths of such retirement benefits received subsequent to the date of the divorce.

The monthly payments to the husband have more than doubled since the divorce was entered but our record does not contain sufficient information to enable us to fashion a decree which would be fair and just to the parties. Consequently, we reverse the

---

3. The wife testified that she first learned of her right to participate in such benefits when a neighbor showed her a clipping from a newspaper which was a column entitled "You and the Law", presented by the State Bar of Texas. Her suit was filed shortly thereafter.

4. We will follow the listing of these cases as shown in footnote 2 of *Yeo* (581 S.W.2d at 738): "For the sake of clarity, the opinions [in *Dessommes v. Dessommes*], in order of rendition, [are] 461 S.W.2d 525 (Tex.Civ.App.—Waco 1970, no writ); 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd, n. r. e.); and 543 S.W.2d 165 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.) . . . ."

judgment of the trial court and remand the cause with instructions to conduct a hearing to determine the total amount of the payments received by the husband in retirement benefits subsequent to the divorce and to the date of such hearing. Upon ascertaining the amount, the trial court will enter judgment in favor of the wife against the husband for two-fifths of such sum together with lawful interest thereon from the date each payment was received by the husband until the date of the judgment.

The trial court shall also include in such judgment an award of two-fifths of each retirement payment received by the husband *after the entry of such judgment.* The trial court may properly utilize the trustee arrangement in order to assure compliance with the decree. See, e. g., *Ex parte Sutherland,* 526 S.W.2d 536, 539 (Tex. 1975); *Clendenin v. Krock,* 527 S.W.2d 471, 474 (Tex.Civ.App.—San Antonio 1975, no writ).

The judgment is reversed and the cause is remanded with instructions to enter judgment for the appellant/wife against the appellee/husband in strict accordance with the instructions contained herein. All costs in all courts are adjudged against the husband.

Reversed and Remanded with instructions.