**Gloria CARREON, Appellant,**

v.

**Hector MORALES, Appellee.**

**No. 08–85–00067–CV.**

Court of Appeals of Texas.
El Paso.

Oct. 2, 1985.

Al Melendez, El Paso, for appellant.

Ronald P. McCluskey, McCluskey & Associates, El Paso, for appellee.

Before OSBORN, WARD, and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

In the trial court, Appellant sought to partition Appellee's retirement benefits and life insurance which she claimed had not been divided in a 1969 divorce decree. The trial court denied the relief. We affirm.

These parties were married in 1949 and divorced in 1969. The divorce decree approved a property settlement agreement. The agreement provided for a division of certain specified community property. It did not mention any retirement plan or life insurance. The agreement did contain an opening paragraph with a recital of the parties' intention which states:

WHEREAS, it is the desire of the parties hereto to make a complete and final settlement of all their community property either now owned by them or hereafter acquired by either of them before said divorce becomes final and a division of the community debts, and the parties having reached an agreement as to the division of the property and debts subject to the approval of the Court:

The agreement also contained a residuary or catch-all provision which stated:

Both parties agree that should there be any community property not specifically provided for in the above paragraphs, then such property shall hereafter be the separate property of the party in whose possession and control it was as of the date the divorce herein becomes final.

In 1982, Appellant filed this suit alleging that the divorce decree did not dispose of the parties' community interest in the retirement benefits and life insurance policy provided by Appellee's employer, the Civil Service Personnel, Department of the Army, Fort Bliss, Texas, where he had been employed since 1948. Appellant sought a partition of these undivided assets. Appellee answered that these assets were disposed of through the residuary clause in the property settlement agreement.

Civil service retirement benefits are based upon age and years of service and the annuity is calculated upon a formula involving the employee's average pay and years of service. 5 U.S.C.A., secs. 8336 and 8339. Each employee pays a percentage of his basic pay toward the cost of the retirement program. 5 U.S.C.A., sec. 8334. An employee is entitled to a lump-sum payment upon proper application in lieu of an annuity. 5 U.S.C.A., sec. 8342. An employee may elect whether to have a spouse or former spouse receive a survivor's annuity. 5 U.S.C.A., sec. 8341. Thus, it is the employee who controls the benefits and makes the election as to whether any annuity is paid and whether there is a survivor's annuity and the beneficiary of such annuity. 5 U.S.C.A., secs. 8331–8348; *Valdez v. Ramirez*, 574 S.W.2d 748 (Tex.1978). The

employee also controls payment of life insurance proceeds by designating the beneficiary. 5 U.S.C.A., sec. 8705.

Appellee filed a motion for summary judgment in which he asserted (1) the cause of action was barred by the four-year statute of limitations, (2) the property was divided by the residuary clause and (3) the 1969 judgment was final and could only be attacked by a bill of review. The property settlement agreement was attached to the motion. Appellant also filed a motion for summary judgment. Each party filed a response to the other party's motion for summary judgment. The court entered a judgment that the plaintiff take nothing by her suit.

■ By two points of error, Appellant contends the trial court erred in granting Appellee's motion for summary judgment and that the trial court erred in denying Appellant's motion for summary judgment. The rule is well established in this state that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). In such a case, either spouse may at a later time seek partition of the undivided assets. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex. 1977); *Busby v. Busby*, supra. A bill of review is not required to divide such assets. *Harrell v. Harrell*, 692 S.W.2d 876 (Tex. 1985).

■ First, we conclude that Appellant's suit is not barred by limitations. The Appellee had not retired when this case was decided by summary judgment. No civil service benefits had been paid and since Appellee was alive there had been no claim made under the life insurance policy, which apparently only provided death benefits. There had been no repudiation by Appellee of the Appellant's rights, if any, as a cotenant. The defense of limitations is not valid. *Horlock v. Horlock*, 614 S.W.2d 478 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Dessommes v. Dessommes*, 461 S.W.2d 525 (Tex.Civ.App.—Waco 1970, no writ).

Next, we turn to the issue of what effect the residuary or catch-all paragraph had on the retirement benefits and life insurance which was not mentioned or divided in the property settlement agreement which the trial court approved, confirmed and ratified. Several cases have considered similar provisions and most of them have been analyzed in the recent article by Jim Loveless entitled "Post Divorce Partitions—Are Catch-All Clauses Any Good?" Marriage Dissolution, State Bar of Texas (1982).

The Appellant relies upon the holdings in *Dessommes v. Dessommes*, supra, and *Yeo v. Yeo*, 581 S.W.2d 734 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). Both of these cases involved retirement benefits. In the *Dessommes* case, the decree ordered that each party "keep the property now in possession of such party as their own separate property and estate...." The court concluded that there was nothing in the record to indicate that the fund in question was "in the possession" of either the husband or the wife or that it was not held by the employer and the insurance company. In a second appeal, the court concluded that "possession" could not be interpreted as including intangible contract rights. *Dessommes v. Dessommes*, 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r. e.).

In *Yeo v. Yeo*, supra, the residuary clause in the settlement agreement contained a provision that the wife released and quitclaimed to her husband all his property and estate therein set aside to him "and all other property of whatever nature, separate or community, in his possession or claimed by him * * *." The court held that the husband's interest in the military retirement benefits was not a "claim" or "property in [his] possession." In reaching that result, the court relied in part upon the holdings in *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ) and *Simmons v. Simmons*, 272 S.W.2d 913 (Tex.Civ.App.—Fort Worth 1954, no writ). In the *Thompson* case, the court held that a "release of claims" did not include property rights and said "[i]n

the absence of a catch all or residuary clause in the agreement specifically providing for the disposition of property not specifically described therein it could not reasonably be argued that such undisclosed property would be awarded to one party or the other." In the *Simmons* case, there was a property settlement agreement which contained a clause for each party to relinquish to the other spouse all right, title, interest, claim or demand in and to the property of the other. In holding such claim did not bar a recovery by the wife as a beneficiary under a life insurance policy, the court noted that she had relinquished all rights she might ever have in her former husband's property, but not in her own. In the case at bar (1) there is a catch-all clause, (2) it only relates to community property not specifically provided for in the settlement agreement and (3) it does control each spouse's own interest in community property which is in the possession and control of the other spouse. Thus, we conclude that at least part of the basis for the decision in the *Yeo* case does not exist in the case at bar.

The conclusion in the article by Jim Loveless suggests that there is a growing trend to include in a residuary clause property that has not been specifically mentioned in a property settlement agreement or judgment. But, it must be noted that each of the cases turns upon the particular language of the residuary clause and the type of property involved in one case may not necessarily be controlling in the disposition of another case.

In *Bloom v. Bloom,* 604 S.W.2d 393 (Tex. Civ.App.—Tyler 1980, no writ), a former wife brought suit against her previous husband for partition of military retirement benefits which she alleged were not divided in their previous divorce. The prior judgment decreed that "[a]ny items or property not specifically set forth hereinabove, shall be and the same is hereby awarded as the separate property and estate of the party in whose name or possession such item, or property may be." The unchallenged findings of fact conclusively established that the property interest in the retirement benefits was in the name of Dwight M. Bloom and the appellate court held that the divorce judgment adjudicated ownership under the terms of the catch-all clause.

*Teaff v. Ritchey,* 622 S.W.2d 589 (Tex. App.—Amarillo 1981, no writ) involved a dispute over the ownership of life insurance proceeds payable as the result of the death of Mr. Ritchey. Both his surviving wife and a former wife claimed the proceeds. The 1976 divorce approved a property settlement agreement which gave the wife as her sole and separate property all jewelry, wearing apparel and certain specified household goods "and all other community property of the parties not expressly herein given to the Husband." The appellate court had no difficulty in finding that the residuary clause included all property not specifically given to the husband. In reaching that result, the court noted the holding in *Yeo v. Yeo,* supra, and said:

> The court eluded the language of the release by declaring, "We do not regard appellant's interest in the military retirement benefits as a 'claim' or as 'property in [appellee's] possession.' "

Very similar is the case of *Jacobs v. Cude,* 641 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). In that case, a 1970 divorce decree divided certain specified property and then provided "Defendant, Ira Gordon Cude, will receive all community property not mentioned above." Subsequently the former wife sued for a partition of Mr. Cude's retirement benefits. The appellate court affirmed a take nothing summary judgment. In reaching that result, the court said:

> Even though no specific mention was made of the retirement benefits in the final judgment, item (4) of that judgment provided that appellee would receive "all community property not mentioned above." The retirement benefits, being community property, are included by inference in that item. By its very nature,

a residuary clause encompasses those things not specified in the decree but included in the community property under the jurisdiction of the court. Otherwise, a party to an earlier judgment would be able to collaterally "chip away" at the ownership status of property already adjudicated by a court, and the entire purpose of the residuary clause would be destroyed.

In *Morgan v. Horton*, 675 S.W.2d 602 (Tex.App.—Dallas 1984, no writ), the appellate court reversed a take nothing judgment in a suit to partition a former husband's teacher retirement benefits and specifically noted that there was no catch-all provision or residuary clause which could form the basis for a res judicata defense as in the *Bloom* and *Jacobs* cases.

We believe that every effort should be made to give some meaning and effect to every paragraph of the property settlement agreement, including the intention clause and the residuary paragraph. Obviously the parties meant for those clauses to have some effect upon their property rights and particularly upon any community property which had not been specifically provided for in the other parts of the property settlement agreement. The parties certainly believed from the language they used that any community property not specifically provided for was in the possession and control of either the husband or the wife. As between those two parties, the retirement benefits earned and the life insurance purchased by the Appellee, Hector Morales, was in his "possession and control." We conclude that the property settlement agreement, which these parties signed in 1969 and which was approved in the divorce decree, divided the retirement benefits and life insurance policy and there were no remaining assets for the trial court to partition in this case. The two points of error are overruled.

The judgment of the trial court is affirmed.