**Loretta A. EWING, Appellant,**

v.

**Bryant J. EWING, Jr., Appellee.**

**No. 13–87–096–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1987.

Farrell M. Smith, Lynda D. Helton, Corpus Christi, for appellant.

Joel Johnson, Sinton, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

The appellant, Loretta A. Ewing, and Bryant J. Ewing, Jr., appellee, were married in August, 1958 and divorced in California in October, 1970. Appellee served in the military from 1954 to 1974, during which time his right to certain retirement benefits matured. Appellant claims that the divorce decree never distributed the community rights to such benefits and sued to partition them. Appellee successfully defended his claim to the benefits in the court below on the ground that the divorce decree gave him the exclusive right to all benefits. We disagree and reverse the judgment of the trial court.

The property settlement agreement incorporated into the California divorce decree provides in pertinent part:

Whereas, it is the desire of the parties hereto to fully and finally settle between them all questions concerning their community and other property rights, past, present and future, and all property rights, claims and demands of all and every nature that each may have or claim to have against the other.

\* \* \* \* \* \*

First: That, except as hereinafter specified, each party hereto is released and absolved from any and all obligations

and liabilities for the future acts and duties of the other, and that each of said parties hereby releases and holds harmless the other from any and all liabilities, debts, or obligations of any kind or character incurred by the other, and from any and all claims and demands, including all claims of either party upon the other for support and maintenance as husband and wife, or otherwise, it being understood that this instrument is intended to settle the rights of the parties hereto in all respects, except as hereinafter provided.

Second: That any and all property acquired by either of the parties hereto from and after the date hereof shall be the sole and separate property of the one so acquiring the same, and each of said parties hereby respectively grants to the other all such future acquisition of property as the sole and separate property of the one so acquiring the same.

\*     \*     \*     \*     \*     \*

Ninth: It is agreed that the following community property shall be awarded to Wife:

\*     \*     \*     \*     \*     \*

(f) All other personal property in the possession of Wife.

Tenth: It is likewise agreed that all personal property in the possession of Husband shall be awarded to Husband.

■ Appellant complains in points four and five that the trial court erred in failing to take judicial notice of the laws of California to interpret the above decree. She contends that introduction of the California judgment and the trial judge's agreement to "take judicial notice of what is in it" was a sufficient request under Tex.R.Civ.P. 184 and Tex.R.Civ.Evid. 202 to require the court to take judicial notice as well of California law in general. This supposed request certainly did not "furnish the judge sufficient information to enable him properly to comply with the request" in accordance with Rule 184. Nor did it even "set forth with some particularity the law that is to be relied upon." *Cal Growers, Inc. v. Palmer Warehouse and Transfer Co.*, 687 S.W.2d 384, 386 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Utica Mutual Insurance Co. v. Bennett*, 492 S.W.2d 659, 663 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ dism'd). In the absence of a proper request to take judicial notice of California law, the court was correct, under Rule 184, in presuming it to be the same as Texas law. *Freudenmann v. Clark and Associates*, 599 S.W.2d 132, 135 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ In points one through three and six through ten appellant complains that the trial court erred in failing to partition appellee's retirement benefits. An employee spouse's accrued benefits in a retirement plan which have been earned during marriage, but which have not vested and matured at the time of divorce, constitute a contingent interest in property and a community asset subject to division upon divorce. *Cearley v. Cearley*, 544 S.W.2d 661, 666 (Tex.1976); *May v. May*, 716 S.W. 2d 705, 707 (Tex.App.—Corpus Christi 1986, no writ). Appellee contends, and the trial court agreed, that retirement benefits are covered by the after acquired property provisions of the residuary clause in the California divorce decree, which would bar any subsequent partition suit under principles of res judicata. *Constance v. Constance*, 544 S.W.2d 659, 660–61 (Tex.1976). After careful scrutiny of the provisions of the decree, we hold that none of the following clauses upon which appellee relied divided the retirement benefits: the residuary clause, the general intent clause, the release clause, and the community property division clauses.

■ First, to hold that the intangible retirement benefits subject to division are "acquired by [appellee] from and after the date" of divorce is inconsistent with the view that such benefits are community property—which is by its very definition *"acquired* by either spouse *during marriage."* Tex.Fam.Code Ann. § 5.01(b) (Vernon 1975) (emphasis added). Although appellee may acquire possession of his benefits only after, and contingent upon, his successful completion of a minimum period of employment, the rights to such benefits

"are not an expectancy but a contingent interest in property," *Cearley,* 544 S.W.2d at 663, which continuously accrues during the marriage as a community asset.

■ Second, it is clear that a clause which merely expresses the general intent of the parties to divide all community property between them in the settlement is not sufficient to infer an implicit division based on whichever spouse is in a better position to claim retirement benefits after divorce. *Morgan v. Horton,* 675 S.W.2d 602, 603 (Tex.App.—El Paso 1984, no writ); *Terrell v. Terrell,* 609 S.W.2d 841, 843 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.); *Trahan v. Trahan,* 609 S.W.2d 820, 823 (Tex.Civ.App.—Texarkana 1980), *reversed on other grounds,* 626 S.W.2d 485 (Tex. 1981).

■ Third, a clause which purports to release each party from the future claims of the other is, like the general intent clause, insufficient to infer some implicit division. *Thompson v. Thompson,* 500 S.W.2d 203, 208 (Tex.Civ.App.—Dallas 1973, no writ). Retirement benefits are a form of intangible community property which "is not a claim or right *against* the other spouse." *Thompson,* 500 S.W.2d at 208 (quoted in *Yeo v. Yeo,* 581 S.W.2d 734, 738 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.)).

■ Finally, the community property division clauses which give both spouses the "personal property in [his or her] possession," are insufficient to transfer intangible retirement benefits over which the parties have neither physical control nor a power of immediate enjoyment and disposition at the time of divorce. *Dunn v. Dunn,* 703 S.W.2d 317, 319 (Tex.App.—San Antonio, writ ref'd n.r.e.); *Yeo,* 581 S.W.2d at 738; *Dessommes v. Dessommes,* 505 S.W.2d 673, 676 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). *Carreon v. Morales,* 698 S.W.2d 241 (Tex.App.—El Paso 1985, no writ) is the lone case which refused to follow this reasoning by holding that retirement benefits were disposed of on the basis of a clause giving the husband property within his "possession and control."

Aside from *Carreon,* in the few cases which did find that a divorce decree divided unmentioned retirement benefits, there was some specific language within which such benefits clearly fell. In *Bloom v. Bloom,* 604 S.W.2d 393, 394 (Tex.Civ.App. —Tyler 1980, no writ), the decree awarded property to the spouse "in whose name" it was, and the retirement benefits were in the husband's name. And in *Jacobs v. Cude,* 641 S.W.2d 258, 260 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.), the residuary clause awarded the husband "all community property not mentioned above."

■ The benefits in this case not having been divided at divorce, the parties became tenants in common and partition was the correct way to divide such benefits. *Busby v. Busby,* 457 S.W.2d 551, 554–55 (Tex. 1970); *Kartchner v. Kartchner,* 721 S.W. 2d 482, 484 (Tex.App.—Corpus Christi 1986, no writ). The method of valuing those benefits has more than adequately been discussed in the recent cases of *Grier v. Grier,* 731 S.W.2d 931 (Tex.1987), and *May v. May,* 716 S.W.2d 705 (Tex.App.— Corpus Christi 1986, no writ).

The judgment of the trial court is reversed and this cause is remanded for a new trial.