Leonard Barrett THARP, Appellant,

v.

Blucher Stanley THARP, Appellee.

No. 05–88–00628–CV.

Court of Appeals of Texas,
Dallas.

May 8, 1989.

Rehearing Denied June 21, 1989.

J. Allen Smith, Dallas, for appellant.

Charles O. Shields, Dallas, for appellee.

Before WHITHAM, BAKER and THOMAS, JJ.

THOMAS, Justice.

Appellant, Leonard Barrett Tharp (ex-wife), brought suit to partition certain retirement benefits asserting that they were not divided in her divorce from appellee, Blucher Stanley Tharp (ex-husband). The trial court granted the ex-husband's motion for summary judgment finding that the retirement benefits were divided by virtue of a residuary clause, and thus the claim was barred by res judicata. In this appeal, the ex-wife asserts that the trial court erred in granting the motion because genuine issues of fact existed as to whether the residuary clause covered the retirement benefits. We disagree and affirm the trial court's judgment.

FACTUAL BACKGROUND

The parties had been married sixteen years when their divorce was granted in 1971. A settlement agreement, incorporated into the decree of divorce, awarded certain specific assets to the ex-wife, including

the house, all community property furnishings, an automobile, and a cash payment. The agreement provided that the ex-husband would receive his personal items, a car, and certain community property items: a portable television set, power tools and the paintings located in his office. Paragraph IX of the settlement agreement stated in relevant part:

It is agreed by and between the parties hereto that the remainder of the marital estate of the parties shall be set aside as the separate property and estate of [ex-husband] herein.

Sixteen years after the divorce, the ex-wife filed this partition action claiming that she and her ex-husband were tenants in common as to the ARCO and United States military retirement benefits. She asserted that they were undivided assets because they were not specifically mentioned in the agreement or the decree.

## STANDARD OF REVIEW

■■■■ The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 414, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are well established. As mandated by the Supreme Court of Texas, they are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *See Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). In the instant case, the ex-husband relied on the affirmative defense of res judicata. When a movant for summary judgment relies on an affirmative defense, he must expressly present and conclusively prove all essential elements of that defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

■■■■ Texas law is clear that retirement benefits are community property divisible upon divorce. If a divorce decree fails to make provision for such assets, a tenancy in common results, which is subject to a subsequent partition. *Taggart v. Taggart,* 552 S.W.2d 422, 423–24 (Tex.1977); *Busby v. Busby,* 457 S.W.2d 551, *passim* (Tex. 1970). The law is equally clear that where a divorce judgment is not appealed and appears regular on its face, the judgment will not be subject to a collateral attack in a subsequent suit. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980).

■■■■ Thus, the dispositive issue before us is whether the residuary clause that awarded "the remainder of the marital estate" to the ex-husband encompassed the retirement benefits which were not specifically mentioned in the settlement agreement or the decree of divorce. We hold that the retirement benefits were included in the divorce decree by virtue of the residuary clause, and that the present cause of action was correctly barred.

While we have not found any case interpreting the exact wording of this clause, several courts of appeals have considered substantially similar provisions and we find their reasoning to be persuasive. One of the more recent cases dealing with residuary or "catch-all" provisions is *Carreon v.*

*Morales,* 698 S.W.2d 241 (Tex.App.—El Paso 1985, no writ). In that case, the agreement contained a provision which stated that "community property not specifically provided for" would thereafter be the "separate property of the party in whose possession and control it was." This "catch-all" provision was held to have effectively awarded husband's retirement benefits and life insurance policy to him, thereby precluding an attempted partition by wife. *Id.* at 245. In explaining the basis for its ruling, the court stated:

> We believe that every effort should be made to give some meaning and effect to every paragraph of the property settlement agreement, including the residuary paragraph. Obviously, the parties meant for those clauses to have some effect upon their property rights and particularly upon any community property which had not been specifically provided for in the other parts of the property settlement agreement.

*Id.* at 245.

In a comparable partition action, *Jacobs v. Cude,* 641 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), the court held that a judgment, which set forth the division and partition of certain specified property and also provided that the husband would receive "all community property not mentioned above," included by inference husband's retirement benefits. In reaching this result, the court stated:

> By its very nature, a residuary clause encompasses those things not specified in the decree but included in the community property under the jurisdiction of the court. Otherwise, a party to an earlier judgment would be able to collaterally "chip away" at the ownership status of property already adjudicated by a court, and the entire purpose of the residuary clause would be destroyed.

*Id.* at 260.

*Teaff v. Ritchey,* 622 S.W.2d 589 (Tex. App.—Amarillo 1981, no writ), involved a dispute over the ownership of life insurance proceeds upon the death of Mr. Ritchey. Both his surviving wife and a former wife claimed the proceeds. A property settlement agreement with the former wife gave her all jewelry, wearing apparel, and certain specified household goods as well as "all other community property of the parties not expressly herein given to the husband." In finding that the residuary clause included the disputed insurance policies, the court stated that if the language is clear the court should give effect to the entire decree and should not "twist, turn and distort the clear language." *Id.* at 592; *see also Bloom v. Bloom,* 604 S.W.2d 393, 394–95 (Tex.Civ.App.—Tyler 1980, no writ).

The crux of the ex-wife's argument is that a genuine fact issue exists as to whether the retirement benefits were *contemplated* when the residuary clause was included in the property agreement. Her counsel conceded during oral argument that the issues of ambiguity, fraud, accident, or mistake were not raised in the trial court. The question of whether a contract is ambiguous is one of law for the court. *R & P Enter. v. LaGuarta Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980). In interpreting this agreement, our primary concern is to ascertain and give effect to the intentions of the parties as set forth in the instrument. *See Texas City Ref. Inc. v. Universal Oil Prods. Co.,* 681 S.W.2d 303, 305 (Tex.App.—Houston [14th Dist.] 1984, no writ). The language in the clause was unambiguous and the trial court correctly found that it was susceptible to a certain, definite legal meaning. We hold that no genuine issue of material fact was raised and overrule the sole point of error. The trial court's judgment is affirmed.