NO. 07-00-0419-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 26, 2001



______________________________




ALLEN EUGENE MOTE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. 57,403-L; HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Allen Eugene Mote was convicted of the misdemeanor offense of record
of fraudulent court and sentenced on August 10, 2000, to confinement in the Randall
County Jail for 180 days and a fine of $500, probated for two years. A pro se notice of
appeal was filed on September 11, 2000. 

 On March 30, 2001, we abated this appeal because the clerk's record had not been
filed, and we had been notified that appellant had failed to pay for preparation of the
record. On April 18, 2001, the trial court held a hearing and determined that appellant did
not intend to abandon his appeal, was not indigent and would not sign a statement of
inability to pay attorney's fees or the cost of a record for his appeal, and committed to pay
for the costs of a record from his own funds. The clerk's record was then filed on April 27,
2001, and the reporter's record was filed on May 2, 2001.

 Appellant was subsequently informed by this court that his brief was due to be filed
by June 1, 2001, and that the Randall County Court Clerk's office retained a copy of the
record for the parties' use. See Tex. R. App. P. 34.5(g) and 34.6(h). No brief has been
filed as of this date. Appellant apparently asserts that he is unable to obtain a copy of the
trial court's record. 

 This sequence of events requires us to abate this appeal for a hearing as provided
by Texas Rule of Appellate Procedure 38.8(3). Accordingly, this appeal is abated and the
cause remanded to the Randall County Court at Law for a hearing. 

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine:

 1. Whether appellant desires to abandon his appeal.

 

 2. If he does not desire to abandon his appeal, the reasons for appellant's
failure to file an appellate brief.


 3. If appellant has been unable to obtain a copy of the record for purposes
of preparation of a brief, what steps need to be taken to ensure that
appellant has access to a copy of the record. 

 

 4. If any other orders are necessary to ensure the proper and timely pursuit
of appellant's appeal.


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to
the clerk of this court no later than August 27, 2001.

 It is so ordered. 

 Per Curiam

Do not publish.



 



ey became payable. 
Given the wording utilized in schedule two, we cannot say that Malacara was to be the sole
recipient. This is so because settlement clauses encompassing property within the
"possession" of a spouse do not affect intangible property, that is, property not subject to
physical control or immediate enjoyment or disposition. Jackson v. Jackson, No. 05-01-01719-CV, 2002 Tex. App. Lexis 8051 (Tex. App.-Dallas November 13, 2002, no pet.) (not
designated for publication); Soto v. Soto, 936 S.W.2d 338, 343 (Tex. App.-El Paso 1996,
no writ); Ewing v. Ewing, 739 S.W.2d 470, 473 (Tex. App.-Corpus Christi 1987, no writ). 
Choses-in-action or contract rights are such property, as is a right to retirement benefits. 
See Dunn v. Dunn, 703 S.W.2d 317, 319 (Tex. App.-San Antonio 1985, writ ref'd n.r.e.)
(describing future retirement benefits as intangible property). Thus, the opportunity to
collect retirement was not within Malacara's possession when he and Collins divorced. 

 Next, that his right to such benefits may have been vested is of no consequence. 
The theory of vesting connotes little more than that the property interest had accrued to
such an extent that it could not be denied the recipient by the third party obligated to pay
or deliver it. See Houston Indep. Sch. Dist. v. Houston Chronicle, 798 S.W.2d 580, 589
(Tex. App.-Houston [1st Dist.] 1990, writ denied). So, to the extent that retirement benefits
were community property and both spouses had interests in the community estate, then
vesting of those benefits effectively resulted in both spouses having their community
interest in the benefits vest. In turn, this logically means that both he and Collins
possessed the retirement benefits for she too was expressly awarded, via the settlement
agreement, the property in her possession. (1) 

 In sum, the benefits at issue were not awarded in toto to Malacara via the settlement
provisions. Thus, his argument to the contrary is rejected.

 Can't Because Property Previously Divided

 Next, Malacara suggests that the trial court could not partition the benefits since they
had been distributed previously to each spouse via paragraph III of the settlement
agreement. We disagree and overrule this contention.

 According to the record, the parties agreed at the time of their divorce that "[a]ll
community property not listed on any schedule . . . shall be owned by Husband and Wife
as equal cotenants . . . ." Moreover, the retirement benefits were not expressly mentioned
in any of the schedules attached to the agreement incident to divorce. Thus, both Malacara
and Collins owned a proportionate share of them as cotenants. 

 Next, cotenants may obtain a partition of the res in which they own a joint interest. 
See Tex. Prop. Code Ann. §23.001 (Vernon 2000) (stating that joint owners of real or
personal property may compel the partition of the interest in the property among the joint
owners). Thus, statute authorized the trial court to partition the retirement benefits, though
the respective interest of Collins and Malacara in those benefits were addressed in the
divorce agreement.

 Can't Award Portion of Benefits Already Distributed

 Next, Malacara asserts that the trial court erred in awarding Collins a monetary
judgment equal to her proportionate interest in the retirement benefits that had been
disbursed. We disagree.

 Section 9.009 of the Texas Family Code authorizes that court to "enforce the division
of property made in a decree of divorce . . . [by executing] an order to deliver the specific
existing property awarded." Tex. Fam. Code Ann. §9.009 (Vernon 2006). So too may it
render judgment "against a defaulting party for the amount of unpaid payments to which
the party is entitled" when the "party did not receive payments of money as awarded in the
decree of divorce . . . ." Id. at §9.010(b). Here, we have a decree making Collins and
Malacara cotenants or owners of the retirement benefits. Thus, it effectively awarded her
a share in the retirement payments. And, to the extent that a cotenant is entitled to dispose
of portions of the property, he must still account to the other cotenant for his share. See
Byrom v. Pendley, 717 S.W.2d 602, 605 (Tex. 1986) (involving the development of minerals
and stating that each cotenant has the right to enter upon the common estate and a
corollary right to possess and use the entire estate but must account to the other cotenant
for his share of the property taken). So, Malacara, as a cotenant, was obligated to give
Collins, the other cotenant, her share of the retirement benefits, and the trial court was
entitled to award Collins that share under sections 9.009 and 9.010(b) of the Family Code.

 Can't Award Attorney's Fees

 Lastly, Malacara challenges the trial court's decision to award Collins attorney's fees. 
We reject the challenge for a trial court may award attorney's fees as costs in a post-decree
enforcement proceeding, such as this. Tex. Fam. Code Ann. §9.014 (Vernon 2006). In sum, we overrule each issue of Malacara and affirm the trial court's "Order on
Petiton for Post-Divorce Division of Property." 

 

 Per Curiam 
1. We also note that the opinion on which Malacara relies, e.g., Yeo v. Yeo, 581 S.W.2d 734 (Tex.
App.-San Antonio 1979, writ ref'd n.r.e.) says nothing about vesting and its effect on the concept of
possession.