**Alice Jean JENKINS, Appellant,**

v.

**Arthur JENKINS, Appellee.**

**No. 09–92–298 CV.**

Court of Appeals of Texas, Beaumont.

June 10, 1993.

Hugh O'Fiel, Swearingen, Clark & Moore, Port Arthur, for appellant.

Ramie Griffin, Jack Lawrence, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

BROOKSHIRE, Justice.

This is an appeal from the denial of the appellant's Petition for Post Divorce Partition of property. Appellant contends that her former husband's pension plan was not divided by her 1984 divorce decree. On September 1, 1992, a trial was held by the trial court on this post divorce partition of property. On October 23, 1992, the district court entered an order denying any further relief for the appellant; whereupon, the appellant filed this appeal.

*Partial Statement of the Facts*

The appellant and the appellee were divorced on April 23, 1984. The divorce decree failed to specifically divide the appellee's pension plan with Mobil Oil. The appellee admits that he was married to the appellant on June 24, 1967 and that the appellee's employment with Mobil Oil began in August of 1969 and continued until the present time. The appellant testified that there was no agreement as to the appellee's retirement benefits. The trial

judge, the fact finder rejected this testimony.

The trial court stated: "I'll be honest with you, I have no idea why he (the Appellee) would agree just to pick up the car and take his clothes without something of value like you (Appellant) got. So, I'm just going to find that the retirement system was the part subject to his control, and I will deny the petition that you've asked at this time."

The 1984 divorce decree awarded the appellant a most generous division of the community property, as set forth below:

1. 1984 Cadillac automobile, Serial # 1G6AM6981E004634;
2. The home located at 6080 Libby Lane, Beaumont, Texas:
   Lot 16 and the North twenty-six feet (N. 26') of Lot 15 in Block 12 of HOME ADDITION to BOWENVILLE an addition to the City of Beaumont, Jefferson County, Texas, recorded in Map Volme [sic] 9, Page 78, Map Records of Jefferson County, Texas.
3. Lot No. 1 and North twenty-six feet (N. 26') of 2 in Block 12 of the HOME ADDITION to BOWENVILLE, an addition to the City of Beaumont, Jefferson County, Texas, recorded in the map records of said county and state.
4. Any and all household furnishings in Petitioner's possession or subject to her control.
5. Any and all wearing apparel, jewelry and other personal effects in Petitioner's possession or subject to her control.

We determine that the trial judge found that there had been a fair and equitable division of the community property. Appellant had recovered *all* of the marital property except appellee's clothing, his 1979 Pontiac automobile, and his retirement rights. The retirement rights, under this record had no real or ascertainable value on April 23, 1984.

*Point of Error Number One*

The appellant alleges two points of error. In her first point of error, she alleges the trial court erred in failing to sustain appellant's objection to appellee's testimony elicited concerning an agreement barred [sic] on the doctrine of *res judicata,* and second, that the trial court erred in denying appellant's post divorce partition as permitted by the Texas Family Code and the case law.

The appellant alleged nondisclosure by the appellee of some marital property at the time of the divorce. *The parties' 1984 property settlement agreement was exclusively drafted and prepared by the appellant's attorney. The appellee had no legal representation at the 1984 divorce proceeding.* However, he believed that the residual clause language for personal property awarded his retirement benefits to him.[1]

The appellant was plainly cognizant in 1984 of a company retirement plan. This is the same retirement plan that she now seeks to divide. The appellant knew of this because the appellee had go to into his ESOP company plan in 1984 in order to pay off a $2,000 financial debt. This benefited appellant. The record reflects the $2,000 was paid to appellant.

*No Findings of Fact—No Conclusions of Law*

No formal findings of fact or conclusions of law were requested or made. The best indication of the trial court's thinking comes from the recitation given by the trial court at the September 1, 1992, hearing, wherein the trial court states:

There have been some cases, I think, interpreting things like this, subject to his control, things like that that's included matters such as retirement and things like that. *I'm going by this language, and I'll be real honest, I'm looking at the decree, I guess at the four corners, and it certainly does look like you got the lion's share.* The only thing he got was the car. I'll be honest with you, I

---

1. The language is "any and all wearing apparel, jewelry and other personal effects in the possession of Respondent or subject to his control."

have *no idea why he would agree just to pick up the car and take his clothes without something of value like you got.* So I'm just going to find that the retirement system was the part subject to his control, and I will deny the petition that you've asked at this time. (Emphasis added)

■ Also, written on the docket sheet is the court's notation: "9–1–92 Hearing held on Motion for Partition for retirement benefits. Decree say 'subject to his control.' Partition denied. *Wife got all of property at time of divorce.* Husband only received an auto. Order to be filed." The court found that appellant got the lion's share—indeed "all of property at time of divorce". Since there were no formal findings of fact or conclusions of law, we must affirm if there is any proper legal basis undergirding the judgment below.

■ We determine that the record supports the judgment of the trial court denying relief to appellant and that counsel for appellant, the appellant, and the trial court recognized that they were proceeding on the final divorce decree of 1984. The appellant had the burden of proof. It is obvious from the record and from the pronouncements by the trial court that she failed to persuade the district judge. The record reflects that the district judge determined that she did not carry her burden of persuasion by a preponderance of the evidence. On this separate basis the judgment is affirmed.

The record also reflects that the appellee made a loan from his employment savings plan in 1984 to be paid to the appellant as part of the division of the community property. Appellant received this money in 1984. There is evidence of probative force and evaluation that under an agreement at the time of the 1984 divorce as to the division of the community property, that the wife was to receive all the above listed assets and the appellee was to receive his retirement rights and savings plan rights. The record reveals that the appellee was to receive his retirement rights under the decree of divorce—his retirement rights being subject to his control. The appellee

agreed to the lion's share going to the appellant, because he would receive the full benefits of his retirement and savings plan at his retirement. By declaration from the bench the trial court so found. In brief, the trial court believed the evidence proffered by appellee. Appellee had not retired at trial time.

We think the trial court was within its prerogatives in finding the retirement system and rights were subject to the control of the appellee and were part of his personal effects and awarded to him in the 1984 decree. In 1984 these effects or rights had no definite value or even a value that could be accurately determined.

In the dissent the charge of being "ludicrous" is leveled against the "majority" and what the "majority wants". O.K.; so be it. But necessarily Judge Jim Farris, an able, conscientious, widely experienced jurist was "ludicrous" as well.

We affirm the trial court's judgment.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The trial judge and the majority hold that appellee's retirement benefits were awarded to him in the 1984 divorce decree by virtue of the language: "[a]ny and all wearing apparel, jewelry and other personal effects in the possession of Respondent or subject to his control". While the retirement account may have been subject to his control, to say it is "wearing apparel, jewelry or other personal effects" is ludicrous. What the majority wants the residual clause to say is: "Respondent is awarded all community property not specifically awarded Petitioner". It simply does not say that. The retirement benefits were not divided in the 1984 decree.

Where a divorce decree fails to provide for the division of community property, the husband and wife become tenants in common or joint owners thereof. *Mooney v. Glasspool*, 602 S.W.2d 364 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). The trial court erred in not going forward with a

division of appellee's retirement benefits.[1] Had he done so and awarded Appellee 100% of his retirement benefits, we would be confronted with an entirely different question.[2] However, he did not and we are not.

Consequently, I would reverse and remand with instructions to the trial court to make some disposition of appellee's retirement benefits.

---

1. Under Tex.Fam.Code Ann. § 3.91(a) (Vernon 1993) the court shall divide the property in a manner that the court deems just and right.

2. This is not to imply that such a division is a proper one, but it achieves the trial court's purpose.